# Parish *v.* The State.

## *Indictment for Resisting Officer.*

1. *Special constable; resistance of special officer a criminal offense.*—Under the provisions of the statute, a justice of the peace can, under certain contingencies, appoint a suitable person to act as constable (Code, § 987); and a person acting as a special constable, under such appointment, while attempting to execute a warrant of arrest delivered to him, is entitled to the same protection as the law gives to a regular constable; and his official acts in the execution of such process are as valid for all purposes as would have been the act of the regular constable had he attempted to execute it; and a person who is indicted for resisting such special constable in attempting to execute the warrant of arrest, can not be heard to question his appointment.

2. *Warrant of arrest; validity thereof.*—A warrant of arrest issued by a justice of the peace directed to a person other than the regularly elected constable, which recites that complainant on oath having been made "that the offense of assault and battery with intent to kill had been committed against"

[Parish v. The State.]

a certain named person, and then directs the said person to whom the warrant is directed to arrest such person and bring him before the justice, is not void, by reason of any defect appearing on its face.

3. *Same; not void because issued on Sunday.*—A warrant of arrest is not void because it is issued on Sunday.

4. *Trial and its incidents; effect of verdict of jury as to one of two counts in an indictment.*—Where an indictment in a criminal case contains two counts, a verdict of the jury finding the defendant guilty of one of the counts, operates an acquittal as to the other count.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

The indictment under which the appellant in this case was tried contained two counts. The first count was as follows: "The grand jury of said county charge that before the finding of this indictment, Bob Parish, alias Bobb Otts, assaulted one Lulu Thomas wih a paling or with a piece of wood." The second count charged that "Bob Parish alias Bob Otts, did knowingly and willfully oppose or resist Josiah Williams, a constable in and for said county, in attempting to serve or execute a warrant of arrest issued by J. D. Smith, a justice of the peace," etc. There were demurrers interposed to the first count, but the record does not disclose that said demurrers were passed upon by the court.

Upon the trial of the case, it was shown by the evidence for the State that J. D. Smith, as a justice of the peace in the Faunsdale precint in Marengo county, issued a warrant of arrest on Sunday morning, September 9, 1900, and directed Josiah Williams to execute said warrant of arrest. It was then shown that when Josiah Williams went to execute the warrant of arrest, he found the defendant, and upon telling him that he had a warrant for his arrest, the defendant said alright, and held out his hands to have the handcuffs put upon him; that as the handcuffs were about to be put upon him, Josiah Williams was interfered with and defendant resisted the arrest and fled. There was other evidence introduced for the State tending to show that the defendant was guilty as charged.

The said warrant of arrest, which was issued by J. D. Smith, as a justice of the peace, was as follows:

"State of Alabama, Marengo county. To Josiah Williams of said county, greeting: Complaint on oath having been made before me that the offense of assault and battery with intent to kill has been committed and accusing Bob Otts thereof, you are hereby commanded forthwith to arrest the said Bob Otts and bring him before me instanter, and have you then and there this writ with your return thereon." When the State offered to introduce this warrant of arrest in evidence, the defendant objected upon the following grounds: 1. Because the warrant shows on its face that it was not addressed to any lawful officer or to any one authorized by law to execute it, but was addressed to Josiah Williams as an individual. 2. Because the warrant of arrest was issued on Sunday, and was, therefore, a void process. 3. Because it charged no legal offense. The court overruled this objection, allowed the warrant to be introduced, and to this ruling the defendant duly excepted.

There was evidence introduced by the defendant tending to show that he did not resist the officer in making the arrest, but that after submitting to it, he fled.

Upon the cause being submitted to the jury, a verdict was returned finding the defendant "guilty as charged in the second count of the indictment," and a fine was imposed. From this judgment of conviction the defendant appeals.

R. M. DOUGLASS, for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited Code, § 5208; *Brown v. State*, 63 Ala. 101; *Brown v. State*, 109 Ala. 70; *Spear v. State*, 124 Ala. 351.

TYSON, J.—The warrant expressly directed Josiah Williams to execute it. The justice issuing it is invested by statute with authority to appoint him in certain specified contingencies and he is the exclusive judge of their existence.—Code, § 978; *Floyd v. The State*, 79 Ala. 39; *Noles v. The State*, 24 Ala. 672. His official act in attempting to arrest the defendant, as he was commanded to do, was just as valid for all purposes as

would have been the act of the regularly elected con-stable of the beat had he attempted the execution of the warrant.—*Floyd v. The State, supra; Cary v. The State*, 76 Ala. 78; *Heath v. The State*, 36 Ala. 273.

The warrant was not void by reason of any defect appearing on its face.—*Spear v. The State*, 120 Ala. 351, and cases cited. Nor was it void because issued on Sunday.—24 Am. & Eng. Ency. Law, 578 and note 3; *Hammons v. The State*, 59 Ala. 164.

The verdict of the jury finding the defendant guilty on the second count was an acquittal of him upon the first. It follows, therefore, that it is immaterial whether that count (first) was demurrable or not.—*Walker v. The State*, 61 Ala. 31; *Murray and Bell v. The State*, 63 Ala. 164.

There is no error in the record, and the judgment must be affirmed.

