# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1907-1908.

## Henderson *v.* The State.

*Murder.*

(Decided June 18, 1908. 47 South. 76.)

1. *Homicide; Aiders and Abettors.*—One who aids, abets or incites another to fire the fatal shot is guilty if the person firing the fatal shot is guilt, although there may not have existed any pre-arrangement or conspiracy between them to kill or to do some other unlawful act which results in death.

2. *Same; Instructions Not Abstract.*—A charge asserting that accused could not be convicted unless he by words, act or deed, aided, abetted, assisted or encouraged or induced him who fired the fatal shot to fire it, but that if just before the shooting accused handed such other person a gun and at the time stated something which caused such person to shoot, accused is guilty if he would have been guilty had he fired the shot himself, is correct and not abstract in this case.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

From a conviction of manslaughter in the first degree, for the killing of Lonnie Yelveton, Ben Henderson appeals. Affirmed.

Ben Henderson and Willis Henderson were jointly indicted, and severance was granted. Willis Henderson was the man who fired the fatal shot. The evidence for the state tended to show that Ben Henderson, the father of Willis, participated in the difficulty just previous to the shooting.

[Henderson v. The State.]

The following oral charge of the court was excepted to: "The testimony in this case shows that defendant did not fire the shot that took the life of the deceased, but that it was fired by another; and the defendant could not be convicted for the killing, unless the jury are satisfied beyond a reasonable doubt that defendant, by word, act, or deed, aided, abetted, assisted, encouraged, or induced Willis Henderson to fire the shot that killed the deceased. If the jury believe beyond a reasonable doubt that the defendant, just before the shooting, handed Willis the gun, and at the time said something to Willis, and that the words so spoken by the defendant caused or induced Willis to fire the fatal shot, then the defendant would be guilty, if he would have been guilty, had he fired the shot himself."

The following charges were refused to the defendant: (1) Affirmative charge. "(2) Unless you believe beyond a reasonable doubt that the defendant and Willis Henderson, by prearrangement or on the spur of the moment, conspired to kill Lonnie Yelverton, or to do some other criminal act, and as a result thereof the deceased was killed, then you must acquit the defendant."

R. D. CRAWFORD, for appellant. Counsel discusses the variance between the indictment charging the name of the person killed and the proof as to the person killed, but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State. This case should be affirmed on the authority of *Morris v. The State*, 146 Ala. 66.

TYSON, C. J.—That part of the oral charge to which an exception was reserved was unobjectionable. It asserted a correct proposition of law, and was not abstract.

[Hill v. The State.]

The question of defendant's guilt was one clearly for the determination of the jury. There was, therefore, no error in refusing the affirmative charge requested by defendant. The other charge refused to defendant ignored those tendencies of the testimony, upon which it was open to the jury to find that defendant aided, abetted, incited, or encouraged his son to fire the fatal shot; and if he did one or all of these things he was guilty, if his son was guilty, although there may not have existed any prearrangement or conspiracy between them to kill Yelverton, or to do some other criminal act which resulted in his death.—*Thomas v. State* 130 Ala. 62, 30 South. 391, and cases therein cited.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.