(87 South. 179)

### EDWARDS v. STATE.    (I Div. 135.)

(Supreme Court of Alabama.    Dec. 2, 1920. Rehearing Denied Jan. 6, 1921.)

1. Jury ⊚═70(7)—Jurors drawn for the week, though not summoned, must be included in special venire.

In a prosecution for murder, the order of the court should have directed a special venire "including those drawn on the regular juries for the week," and not those "drawn and summoned"; the former requirement being changed by Gen. Acts 1919, p. 1041.

2. Criminal law ⊚═1035(6) — Irregularity in order for venire unobjected to not available on appeal.

In a prosecution for murder, where, under Gen. Acts 1919, p. 1041, the order of the court directing venire was irregular because it read "those drawn and summoned" instead of "including those drawn on the regular juries for the week," but no objection was made, and it does not appear the constitution of the special venire was affected, the irregularity is not available for reversal of conviction on appeal.

3. Criminal law ⊚═1144(8)—Specific showing of record that additional names of veniremen drawn in court were qualified not necessary.

In a prosecution for murder, special venire was not necessarily illegal for lack of record showing with respect to six additional names drawn in court that the persons were within, or lived within, five miles of the courthouse or within the corporate limits of the city wherein the court was held, as prescribed by Gen. Acts 1919, p. 1041, such showing not being necessary, as, where the record shows the venire-

men selected were duly qualified, it will be presumed that they were qualified in the particular respect in the absence of a contrary showing.

4. Jury ⊚═72(3)—Provision of jury law as to bringing in additional veniremen directory only.

It would seem that the provision of Gen. Acts 1919, p. 1041, that additional veniremen drawn in court must live within five miles of the courthouse, etc., is directory only to serve the convenience of the court by avoiding delays in executing process and bringing in the required veniremen.

5. Criminal law ⊚═871(1)—Formality of writing not necessary to give validity to verdict.

While a verdict ought to be evidenced by a written return signed by the foreman, such being the uniform practice, the formality of a writing is not necessary to give validity and effect to a verdict.

6. Criminal law ⊚═1144(16) — Presumption verdict was in writing if necessary.

On appeal in a criminal case, even if written verdict was necessary, it will be presumed that the verdict was in writing; the contrary not appearing from the record.

7. Criminal law ⊚═1169(7) — Admission of written statements of defendant's associates harmless where oral statements testified to.

In a prosecution for murder, where the chief of police had testified to oral statements made by defendant's associates in defendant's presence which accused him of firing the fatal shot, and no objection was made to such testimony, error cannot be imputed to the admission of the written statements of such associates, offered and read in evidence, and seasonably objected to by defendant.

8. Criminal law ⊚═1173(5)—Refusal of instructions as to state's burden of proof not prejudicial to defendant.

In a prosecution for murder, there was no prejudicial error, if any, in refusing to give to the jury as requested by defendant charges that, if there was a probability of defendant's innocence, they must find him not guilty, and that the evidence to authorize conviction should not be a mere preponderance of probabilities, but strong and convincing, etc.; the error being favorable to defendant.

9. Criminal law ⊚═815(9), 829(12)—Requested instruction bad as not hypothesizing probability of innocence founded on evidence, but refusal harmless in view of charge given.

In a prosecution for murder, defendant's requested instruction that, if there was a probabilty of his innocence, the jury must find him not guilty, held technically bad in not hypothesizing a probability of innocence founded on the evidence in the case, but its refusal was not prejudicial where full and favorable instructions on the subject were given at defendant's request.

10. Criminal law ⊚═782(10) — Instruction on state's burden improper in use of "preponderance of probabilities."

In a prosecution for murder, defendant's requested charge that he was presumed inno-

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cent until his guilt was established, and the evidence to authorize conviction should not be "a mere preponderance of probabilities," etc., was improper in its use of the quoted phrase.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Robert Edwards, alias "Sox," was indicted for and convicted of murder in the first degree, and he appealed. Affirmed.

The trial court ordered a venire of 80 men from which to select the trial jury, including those drawn and summoned for the regular juries for the week. It appearing that 42 persons had been regularly drawn and summoned, it was ordered that 38 persons be presently drawn to complete the venire. Of the 80 men thus constituting the special venire, only 28 were qualified as competent. It was therefore ordered that the jury box be brought into court, and that 4 names be drawn therefrom and summoned to increase the number competent to try the case to not less than 30. This being done, it was found that only one of the 4 were competent, whereupon 2 additional names were drawn, and summoned, one of whom was found competent. From the venire of 30 thus constituted the jury was selected for the trial of the cause.

The following charges were refused to the defendant:

(4) If there is a probability of the defendant's innocence you must find the defendant Not Guilty.

(8) The defendant is presumed to be innocent until his guilt is established, and the evidence to induce or authorize a conviction should not be a mere preponderance of probabilities, but should be so strong and convincing, as to lead a reasonable mind to the conclusion that the accused cannot be guiltless.

Webb, McAlpine & Grove, of Mobile, for appellant.

Court was in error in organization of the jury. 12 Ala. App. 237, 67 South. 768; Jury Law, Acts 1919. Court erred in refusing to give charges 4 and 8. 117 Ala. 138, 23 South. 138; 175 Ala. 8, 57 South. 592; 150 Ala. 19, 43 South. 219; 125 Ala. 80, 28 South. 390; 120 Ala. 360, 25 South. 236; 14 South. 409. Counsel discuss other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen., and Bart. B. Chamberlain, Sol., of Mobile, for the State.

The objections to the jury should have been raised at the time and comes too late on appeal. 196 Ala. 539, 72 South. 64; 94 Ala. 74, 10 South. 432; 108 Ala. 571, 18 South. 813; 88 Ala. 73, 7 South. 52. It is not necessary that the record show that the jurors last summoned were outside the five-mile limit. 81 Ala. 35, 1 South. 18; 74 Ala. 478; 72 Ala. 5; 69 Ala. 159; 22 Ala. 9, 58 Am. Dec. 234. Court properly refused charge 2. 182
205 ALA.—11

Ala. 81, 62 South. 241; 16 Ala. App. 10, 74 South. 846; 4 Ala. App. 29, 58 South. 814. The court properly refused charge 8. 124 Ala. 8, 26 South. 977; 107 Ala. 13, 18 South. 229; 106 Ala. 52, 18 South. 492.

SOMERVILLE, J. [1] The order of the court should have directed a venire "including those drawn on the regular juries for the week," and not "those drawn and summoned." In this particular the former requirement was changed by the act of September 29, 1919 (Gen. Acts 1919, p. 1041). Walker v. State, 204 Ala. 474, 85 South. 787.

[2] However, no objection was made to the irregularity of the order, and it does not appear that the constitution of the special venire was affected thereby. Defendant had the number of veniremen specified in the order, and, for aught that appears, the 42 regular veniremen who were drawn and summoned included all who were drawn.

With respect to such irregularities, objection must be seasonably made, and prejudice must be made to appear, or they are not available for reversal of a judgment of conviction on appeal. Waldrop v. State, 185 Ala. 20, 64 South. 80; Walker v. State, 204 Ala. 474, 85 South. 787.

[3] It is suggested that the special venire must be held illegal because the record does not specifically show, with respect to the six additional names drawn in court, that those persons were not within, or did not live within, five miles of the courthouse, or within the corporate limits of the city wherein the court was held, as prescribed by the Jury Law (Gen. Acts 1919, p. 1041). Such a showing is not necessary. The record shows that the veniremen selected were duly qualified, and it will be presumed that they were qualified in this respect as well as in all others, in the absence of a proper showing to the contrary.

[4] We are not to be understood as holding that the defendant can complain of irregularity merely because such additional veniremen are brought in from territory outside the limits prescribed. On the contrary, it would seem that that provision is directory only, to serve the convenience of the court by avoiding delays in executing the process and bringing in the required veniremen, and not mandatory in any sense.

[5, 6] While a verdict ought to be evidenced by a written return signed by the foreman, and such is the uniform practice, it was held a long time ago that the formality of a writing was not necessary to give validity and effect to a verdict. State v. Underwood, 2 Ala. 744. But, even if a written verdict was necessary, it would be presumed that it was in writing; the contrary not appearing from the record.

[7] Neither of the written statements made and signed respectively by defendant's associates, Charley and Dulaney, appear in the bill of exceptions, nor is there any recital as

to their contents. It appears, however, that they were offered and read in evidence, and seasonably objected to by defendant. We cannot presume that they contained any illegal matter which was prejudicial to defendant. Chief O'Shaughnessy had already testified to oral statements made by those men in defendant's presence, which accused defendant of firing the shot that killed deceased, and no objection was made to that testimony. In this state of the record, error cannot be imputed to the admission of the written statements.

[8, 9] There was no prejudicial error, if any, in refusing to give charges 4 and 8 to the jury as requested by defendant. It is difficult to understand why a defendant would wish to have the jury instructed that "if there is a probability of defendant's innocence, you must find the defendant not guilty," when he is entitled to an instruction that he must be acquitted unless shown to be guilty beyond any reasonable doubt—a requirement far more rigorous against the state and far more favorable to the defendant. See Bain v. State, 74 Ala. 38. Charge 4 was, however, technically bad in not hypothesizing a probability of innocence founded upon the evidence in the case (Davis v. State, 188 Ala. 59, 66 South. 67, but in any case its refusal was not prejudicial in view of the full and favorable instructions given to the jury at defendant's request, and covering every aspect of the burden and sufficiency of proof for conviction.

[10] The same reasons justify or render harmless the refusal of charge 8. Criticizing the language of that charge, we do not think that such a phrase as the "mere preponderance of probabilities" ought to have any place in an instruction to a jury. It is unnecessary, and is more apt to confuse than to enlighten.

The evidence of defendant's guilt was too overwhelming to permit of any other verdict than the one rendered, however the trial court might have ruled on the matters complained of, and the judgment of conviction must be affirmed.

Affirmed.

All the Justices concur.