(92 South. 212)

## SMITH v. TOWN OF ECLECTIC.
### (5 Div. 367.)

(Court of Appeals of Alabama. Dec. 20, 1921.)

1. **Evidence ⬅️32—Municipal corporations ⬅️ 122(2)—Courts do not judicially notice ordinances of cities under 100,000; no presumption as to ordinances of city under 100,000.**

With the exception of the ordinances of cities having a population of 100,000 or more, the courts of general jurisdiction do not, under Acts 1915, p. 297, § 7, take judicial notice of municipal ordinances, and no presumption can be indulged as to the existence of such ordinances, in the absence of both allegation and proof.

2. **Municipal corporations ⬅️110—General and permanent ordinances do not take effect until published.**

Under Code 1907, § 1258, as amended by Acts 1915, p. 735, requiring ordinances to be recorded, and providing that ordinances of a general or permanent nature shall be published and shall take effect from and after publication, a general and permanent ordinance does not take effect unless it has been published, though the provision for recording is merely directory.

3. **Municipal corporations ⬅️122(3)—Statutory rule as to evidence of ordinances relates only to those published by order of the council.**

The rule of evidence as to municipal ordinances established by Code 1907, § 1259, relates only to such ordinances and resolutions as purport to have been published by the authority of the council, and is not applicable to a book of ordinances which does not in any way purport to show they had been so published.

4. **Municipal corporations ⬅️122(3)—Book of ordinances held not in compliance with statute making it evidence.**

A book of ordinances which was not a printed book and did not purport to be an official publication of the ordinances of the town is not within the terms of Code 1907, § 3989.

5. **Municipal corporations ⬅️122(2)—Burden of proving ordinance is on party asserting it.**

The burden of proving the existence of a valid ordinance, its publication, etc., is on the party asserting its existence and effectiveness.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Prosecution by the Town of Eclectic against Glover Smith for violating a municipal ordinance. From a conviction in the circuit court on appeal from the mayor's court, defendant appeals. Reversed and remanded.

The following is the indorsement on the book of ordinances, referred to in the opinion: On the flyleaf of the book was written in handwriting the words:

"Code of Town of Eclectic.
"By-Laws and Ordinances of the Town of Eclectic, Ala. Adopted by Authority of the City Council of City of Eclectic, Ala., in Regular Session March 3, 1913.
"J. A. Howle, Mayor.
"Clerk.
"Councilmen:
"O. N. Gerald.
"G. K. Williams.
"Lee Griffith.
"J. M. Collins.
"J. D. Edwards."

The words below written in pencil:
"Dr. Hanson.
"J. D. Edwards."

And beginning on page 3 of said book was written in pencil the words, "No. 2 Code of

'Eclectic," and then following, in typewriting, 'beginning with the words:

."By-Laws and Ordinances, Article First.— Duties of the Mayor. Be it ordained by the town council of Eclectic as follows,"

—an ordinance containing sections 1 to 113, inclusive, and ending on page 32, and immediately followed by the words in handwriting:

"J. A. Howle, Mayor.
"J. F. Holloway, Clerk.
                      "4/11/13.
"Code of Town of Eclectic. Consisting of Sections Nos. 1 to 113, Inclusive.
"Adopted April 14th, 1913.
"Approved: J. A. Howle, Mayor."

Geo. F. Smoot, of Wetumpka, for appellant.

Courts of general jurisdiction do not take judicial notice of municipal ordinances. 54 Ala. 263; 69 South. 224. No ordinance of a general nature becomes effective until after its publication, and this must appear of record. Section 1258, Code 1907; 89 Ill. 195; 105 Wis. 406, 81 N. W. 664; 73 Ala. 483. The book was not within the terms of sections 1259 and 3989, Code 1907.

Holley & Milner, of Wetumpka, for appellee.

The ordinance book was admissible under the plain provision of section 1529, Code 1907. 201 Ala. 395, 78 South. 457; 174 Ala. 635, 56 South. 578.

BRICKEN, P. J. This prosecution originated in the recorder's court of the Town of Eclectic, and was for a violation of an ordinance of that town. From a judgment of conviction in said court the defendant appealed to the circuit court.

Upon the trial of this case in the circuit court, and over the timely objection' of the defendant, the court admitted in evidence a book of ordinances purporting to have been adopted by the municipal authorities of the town of Eclectic. The objection to the introduction in evidence of this book of ordinances was predicated upon the grounds that there was nothing to show that the ordinances contained therein had been published as required by law; that nowhere in or on said book was there anything purporting to show that said ordinance, or any ordinance therein recorded, had been published by authority of the town of Eclectic, or published at all; that it did not appear therefrom that said ordinance had ever been published: These indorsements as shown by the record, and which are conceded by appellee to be correct, appear to bear out the contention of appellant. (The reporter will' set out said indorsements in full.)

[1] With the exception of the ordinances of cities having 100,000 or more population (Acts 1915, p. 294, § 7) courts of general jurisdiction in this state do not take judicial notice of municipal ordinances (Furhman v. Huntsville, 54 Ala. 263; Bivins v. Montgomery, 13 Ala. App. 641, 69 South. 224; Benjamin v. City of Montgomery, 16 Ala. App. 653, 81 South. 145), and no presumption can be indulged as to the existence of such ordinances, in the absence of both allegation and proof. Thomas v. State, 13 Ala. App. 421, 69 South. 413.

[2] Under the provisions of section 1258, Code 1907, as amended by Acts 1915, p. 735, no ordinance of a general or permanent nature becomes effective until after its publication; the statute providing that—

"All ordinances shall, as soon as may be after their passage be recorded in a book kept for that purpose, * * * and all ordinances or regulations of a general or permanent nature shall be published" ·etc., and when "published in the newspaper," as provided, "it shall take effect from and after the time it shall first appear * * * and when published by posting it shall take effect five days thereafter," etc.

It has been held that the provision of this statute as to the recording of the ordinance is merely directory, and that an ordinance duly passed and published is effective, though not recorded and certified by the clerk as directed by statute. Bell v. Town of Jonesboro, 3 Ala. App. 652, 57 South. 138.

In this case no question is raised as to the passage of the ordinance. But before an ordinance can become operative or effective its publication is just as essential as its passage; for the mere existence of an ordinance is no evidence that it is effective.

[3] The rule of evidence as to municipal ordinances and resolutions provided for in section 1259 of the Code 1907 relates only to such ordinances and resolutions which purport to be *published* by authority of the council, etc., and its terms therefore are not applicable here, for the reason that nowhere in or on said book were there any words purporting to show that the book in question or any ordinance therein recorded was published by authority of the council. Neither was there any proof of the publication of the ordinance.

[4, 5] The same is true as to section 3989 of the Code 1907. The book is not in compliance with the provisions of this statute, it being neither a printed book nor did it purport to be an official publication of ordinances or by-laws of the town of Eclectic. It is therefore not within the terms of this statute. The burden of proving the existence of a valid ordinance, its publication, etc., is on the party asserting its existence and effectiveness. Schott v. People, 89 Ill. 195.

There being no proof of the publication of the ordinance, it was prima facie ineffective, and therefore· irrelevant, and was subject to the objections interposed by defendant, and the court erred in overruling the objections

to the introduction of the so-called ordinance in evidence. For this error the judgment of the lower court must be reversed, and the cause remanded.

Reversed and remanded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes