(96 South. 206)

## JACKSON v. STATE. (2 Div. 795.)

(Supreme Court of Alabama. May 3, 1923.)

1. Homicide ⊙➡167(1)—Testimony that state's witness had informed defendant of quarrel with deceased, and that defendant had replied with threats against him, held admissible.

In a prosecution for murder, where the evidence tended to show that defendant had recently paid some attentions to the state's witness and was more or less interested in her, it was proper to allow her to testify that just before the killing she had informed defendant of having had some words with deceased, and that defendant replied with a threat against deceased.

2. Criminal law ⊙➡814(3)—Instruction not grounded in evidence properly refused.

In a prosecution for murder, an instruction that "a probability that some other person may have done the shooting is sufficient to create a reasonable doubt of the guilt of the defendant, and therefore his acquittal," held properly refused because the probability referred to was not grounded upon the evidence in the case.

Appeal from Circuit Court, Wilcox County; S. F. Hobbs, Judge.

Winston Jackson was convicted of murder in the first degree, and he appeals. Affirmed.

P. E. Jones, of Camden, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in permitting the witness Cornelia Williams to tell what defendant replied, when she told him of some trouble with the deceased. Byrd v. State, ante, p. 65, 95 South. 655.

SOMERVILLE, J. The plea in abatement was not sustained by the evidence, and was properly overruled by the trial court.

[1] The evidence tended to show that the defendant had recently paid some social attentions to the state's witness Cornelia Williams, and that he was more or less interested in her. It was proper, therefore, to allow her to testify that, just before the killing, she had informed defendant of having had some "words" with Donaldson, the deceased; and to testify further that defendant replied with a threat against Donaldson. Byrd v. State, ante, p. 65, 95 South. 655.

The trial judge refused to instruct the jury, at defendant's request, that—

"A probability that some other person may have done the shooting is sufficient to create a reasonable doubt of the guilt of the defendant, and therefore for his acquittal."

[2] This charge was bad for several reasons, but it will suffice to say that it was properly refused because the probability referred to was not grounded upon the evidence in the case. Edwards v. State, 205 Ala. 160, 87 South. 179.

No other questions are presented by the record for review, and, finding no error in

---

⊙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the rulings of the trial court, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, GARDNER, and MILLER, JJ., concur.

SAYRE and THOMAS, JJ., not sitting.