## JONES v. STATE. (7 Div. 358.)

(Supreme Court of Alabama. June 14, 1923.)

1. **Criminal law ⟊823(4)—No ground for reversal in charge which the court immediately corrected.**

There was no ground for reversal in oral charge defining manslaughter in the first degree where, on exception being reserved, the court discovered the error or inaccuracy and immediately corrected it and correctly defined such offense.

2. **Homicide ⟊300(7) —Instruction on self-defense which was not predicated on the evidence properly refused.**

Requested instruction that, if defendant shot deceased under great peril of her life and under belief that it was necessary to save her own life, the jury should acquit, was properly refused when not predicated on the evidence in the case.

3. **Homicide ⟊300(5)—Instruction on self-defense held properly refused as confusing and misleading.**

An instruction that defendant had right to interpret existing conditions at time of killing, and "if in those interpretations, if free from fault, the defendant believed that she was in danger of her life or great bodily harm," she was justified in firing fatal shot, held properly refused as confusing and misleading.

4. **Criminal law ⟊720(9)—Solicitor's remark when reasonable inference from the evidence not ground for reversal.**

Solicitor's argument that defendant had to cock gun with which she shot deceased was not ground for reversal, when resting upon reasonable inferences to be drawn from the evidence and doubtless made in support of insistence that there was deliberation.

5. **Criminal law ⟊1115(1)—Nothing for review under ground of motion complaining of list of veniremen served when not supported by record.**

When ground of motion for new trial complaining that list of veniremen served on defendant did not contain names of two veniremen was supported by nothing in the record, there was nothing for review.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Addie Jones was convicted of murder in the second degree and appeals. Affirmed.

---

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The following charges were refused to defendant:

"(2) The court charges you that if you are convinced beyond a reasonable doubt the defendant shot under great peril of her life and under the belief that it was necessary to shoot deceased to save' her own life you should acquit the defendant."

"(5) The court charges the jury that the defendant had a right to interpret the existing conditions at the time of the killing and if in those interpretations, if free from fault, the defendant believed that she was in danger of her life or great bodily harm, she was justified in firing the fatal shot, although there was no real danger."

Defendant objected to the portion of the argument of the solicitor in which he said "she (defendant) had to cock the gun."

The third ground of the motion for new trial predicates error on the failure of the list of veniremen served upon him to contain the names of two of the veniremen.

C. W. McKay, of Ashland, for appellant.

After waiver by defendant of a special venire, it was error for the court to draw other names from the jury box, without giving defendant notice. Acts 1919, p. 1039; Acts 1909, p. 305; Walker v. State, 204 Ala. 474, 85 South. 787. In a charge of murder the court should in its charge properly define the degrees of murder and manslaughter. Judge v. State, 58 Ala. 406, 29 Am. Rep. 757; Mitchell v. State, 60 Ala. 33; Ex parte Brown, 65 Ala. 447. It is error for the court to refuse, on motion, to strike statements by the solicitor not sustained by the evidence. 15 Ala. App. 106, 72 South. 566; 193 Ala. 22, 69 South. 122.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

GARDNER, J. Appellant killed her husband, George Jones, by shooting him with a gun, was found guilty of murder in the second degree, and appeals. She interposed the plea of self-defense. The shooting occurred in the home of the defendant and her husband. In charge 3, given for the defendant, the jury was instructed that under such circumstances no duty to retreat rested upon defendant, and it therefore clearly appears that charge 4, refused to defendant, was covered by said given charge 3.

[1] There was exception to that portion of the oral charge defining manslaughter in the first degree. Upon exception being reserved, the court discovering the error or inaccuracy, immediately corrected the same and correctly defined manslaughter in the first degree in his charge to the jury. No error for reversal here appears.

[2] Refused charge 2 was not predicated upon the evidence in the case. Edwards v. State, 205 Ala. 160, 87 South. 179.

[3] As to charge 5, refused to the defendant, counsel cites Glass v. State, 201 Ala. 441, 78 South. 819. The charge in question however, omits any hypothesis as to reasonable belief or any reference to reasonable cause for such belief, and is not analogous to those charges which found approval in the Glass Case. The charge may properly be condemned as confusing or misleading in the manner of its statement. Moreover, the trial court in the oral charge correctly stated to the jury the principle of law upon which this charge sought instruction.

[4] It was the theory of the state that defendant shot her husband while he was on the bed asleep, and the statement of the solicitor in his argument, to which objection was interposed, was doubtless merely in support of the insistence there was deliberation, and rested upon reasonable inferences to be drawn from the state's evidence.

[5] The defendant in writing waived a special venire, and no question concerning the jury appears to have been presented upon the trial of the cause. There is nothing in the record to support the third ground of the motion for a new trial, and nothing here presented thereby for review.

We have here considered all questions which counsel for appellant has deemed of sufficient importance to argue in brief, but mindful of our duty in cases of this character, consideration has also been given the few remaining questions presented by the record. We find these other matters so lacking in merit as to call for no separate treatment.

No reversible error appearing, the judgment of conviction will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.