**STEWART v. STATE. (4 Div. 892.)**

(Court of Appeals of Alabama. July 26, 1923. Rehearing Denied Oct. 16, 1923.)

**1. Criminal law ⬉1173(3)—Refusal to give charge pertaining to count 2 held not available error where conviction was had under count 1.**

Where conviction was had under count 1, and defendant thereby acquitted of charge in count 2, he cannot complain of error in refusing charges pertaining to count 2.

**2. Intoxicating liquors ⬉238(1)—Evidence of manufacturing liquor held sufficient to submit question of guilt.**

Evidence of the manufacturing of prohibited liquor *held* ample to submit to the jury the question of the guilt vel non of accused of making prohibited liquors.

**3. Intoxicating liquors ⬉239(2)—Requested charges held properly refused as not being predicated on the evidence.**

In a prosecution for illegally distilling prohibited liquors, requested charges *held* properly refused as not being predicated on the evidence.

**4. Intoxicating liquors ⬉167—If accused was present and aided in making beer he was guilty.**

It was not necessary to a conviction charging the making of prohibited liquors that accused should have actually made the beer in question, since, if he was present, aiding and assisting, he was guilty.

**5. Intoxicating liquors ⬉239(2)—Requested charges properly refused as being abstract.**

In a prosecution for manufacturing prohibited liquor, requested charges that aiding or abetting in an attempt to make liquor does not render accused guilty as though he actually made same, or that aiding or abetting in an attempt to commit a felony was not a felony, *held* properly refused as being abstract, where accused, if guilty of any offense, was guilty of making or aiding in making prohibited liquors, and not of an attempt.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Criminal law ⊚⇒811(1), 815(1)—Intoxicating liquors ⊚⇒239(2)—Charge properly refused as giving undue prominence to part of evidence, as predicated upon a consideration of part thereof, and as being abstract.**

In a prosecution for making prohibited liquors, refusal to give charge that if the jury believed from the evidence that accused was only guilty of aiding or assisting in an attempt to make alcoholic liquor, then he must be found not guilty, *held* properly refused as giving undue prominence to part of the evidence, and as being predicated upon a consideration of a part of it, and also as being abstract.

**7. Criminal law ⊚⇒27—Aiding or abetting in manufacture of prohibited liquors is a felony.**

Aiding or abetting in the making of prohibited liquors is a felony and not a misdemeanor.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Tom Stewart was convicted of distilling, and appeals. Affirmed.

These charges were refused the defendant:

"(3) If the jury have a reasonable doubt as to whether or not defendant owned or had in his possession the apparatus testified about in this case, and further if they have a reasonable doubt as to whether or not defendant operated or attempted to operate the still they must acquit him.

"(4) In order to warrant a conviction under count 1 of this indictment, the jury must believe beyond all reasonable doubt that the defendant either made or caused to be made the beer found at the pasture branch referred to in this case.

"(5) The mere presence of the defendant at or near the still is not of itself sufficient to warrant his conviction, and unless the jury believe from the evidence that the defendant actually made the beer in question, he cannot be convicted under count 1 of the indictment.

"(6) Aiding or abetting in an attempt to make liquor does not render the defendant guilty as though he actually made same.

"(7) If you believe the evidence in this case that the defendant was only guilty of aiding, or assisting in an attempt to make alcoholic liquor, contrary to law, then you must find him not guilty.

"(8) You cannot convict the defendant as an accomplice in this case unless you believe that he aided or abetted the manufacture of an alcoholic liquor or beverage.

"(10) Aiding or abetting in an attempt to commit a felony under our laws is not a felony."

The portion of the oral charge to which exception was reserved is as follows:

"There is another rule of law which I give you now to this effect, which applies to the commission of felonies: That man who aids or abets another in the commission of an offense is just as guilty as he who in fact is the chief or principal actor. If I give to you any assistance toward the completion of that act from which a violation of the law known as a felony comes, and this is a felony, then I am said to be just as guilty as if I actually did those things from which the commission of the offense resulted. If I aid you in the slightest way in the commission of a felony, then I have in law become what we know as an aider; or, if I stand by your side or in your presence, and with my presence am ready to encourage you if you need encouragement, and am ready to help you if you need help, ready to aid you in event you should need aid, and you having knowledge of the fact that I am there for that purpose, then I am said to have abetted you, and am just as guilty as if it had been I who committed those acts from which the violation resulted. Let me read you a definition from the law books of aid and abet: 'The words "aid and abet" comprehend all assistance rendered by acts, words, encouragement, support, or presence, actual or constructive, to render assistance should it become necessary.' If I render you the least actual assistance in the completion of the act from which the violation of the law results then I am as guilty as if it had been my chief acts that the violation of the law did result; or, if I stand by and encourage you, by my presence or by words of mouth, in that way inciting you and aiding you, I am said to have abetted you and am just as guilty in that event as if I had actually done the act from which the violation of law resulted."

Blue & Blue, of Union Springs, for appellant.

Counsel argue for error on the trial, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The defendant was charged in the first count of the indictment with distilling, and in the second count with having in his possession a still to be used for manufacturing prohibited liquors. There was a verdict of guilt as charged in the first count.

The evidence for the state tended to show that the defendant and one Culpepper were carrying beer from barrels 20 or 25 feet away to a still from which "there was a drip from the pipe into the fruit jar, the dripping was a low grade of rum, a species of whisky, and contained alcohol."

The state witnesses had seen the still the night before, and were watching when the defendant and Culpepper went to the still about 6 o'clock in the morning. There was no fire under the still before the defendant reached there, and shortly thereafter fire was discovered by the state's witnesses. The still was hot, two full barrels of beer and two barrels containing some beer were found. The beer was fermented, and contained alcohol.

The defendant's evidence tended to show that he went to Culpepper's to see him about some cows that had broken in defendant's cornfield, that he had nothing to do with the still, or with the beer or the whisky, that he did not own or possess the still, that it was not on his place, that he did not make or aid

in the making of the beer or the whisky. The charges are not numbered in the record, and for convenience we give them numbers.

[1] Charges 1 and 9 relate to count 2; the defendant was convicted under count 1, and thereby acquitted of the charge in count 2 (possessing a still), hence he cannot complain that the court refused said charges. Parish v. State, 130 Ala. 92, 30 South. 474.

[2] Charge 2 is the affirmative charge for the defendant as to the first count of the indictment. There was ample evidence to submit to the jury the question of the guilt vel non of the defendant of making prohibited liquors, and the court did not err in refusing said charge.

[3] Charges 3, 4, and 8 are not predicated on the evidence, and were properly refused. Edwards v. State, 205 Ala. 160, 87 South. 179.

[4] Charge 5 was properly refused. It was not necessary to a conviction under count 1 that the defendant should have "actually made the beer in question," if he was present aiding and assisting he was guilty. Henderson v. State, 156 Ala. 1, 47 South. 76; 4 Michie's Ala. Dig. p. 52, § 33 (4).

[5] Charges 6 and 10 are abstract, and were properly refused. The defendant was guilty of making or aiding in making prohibited liquors, if he was guilty of any offense, and not of an attempt.

[6] Evidently the word "from" is omitted from charge 7. The charge is faulty in giving undue prominence to a part of the evidence, is predicated upon a consideration of a part of the evidence and is abstract. Ross v. State, 139 Ala. 144, 36 South. 718; Lodge v. State, 122 Ala. 107, 26 South. 200; Holmes v. State, 136 Ala. 80, 34 South. 180; Huskey v. State, 129 Ala. 98, 29 South. 838.

[7] There was no error in that portion of the oral charge of the court to which exception was reserved. Aiding or abetting in the making of prohibited liquors is a felony and not a misdemeanor.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.