(101 So. 529)

## GREEN v. CITY OF DEMOPOLIS.
(2 Div. 292.)

(Court of Appeals of Alabama. May 13, 1924. Rehearing Denied June 24, 1924.)

**1. Municipal corporations ⟨key⟩594(2) — Ordinances must be clear and duly promulgated.**

Ordinances must be clear, certain, and duly promulgated.

**2. Intoxicating liquors ⟨key⟩17—Prohibition ordinance held clear and certain.**

Ordinance penalizing offense constituting misdemeanor under state prohibition laws, if committed within city's police jurisdiction, held clear and certain.

**3. Criminal law ⟨key⟩429(1)—Book of ordinances, identified by city clerk, held properly admitted in liquor prosecution.**

In prosecution for violation of prohibition ordinance, book of ordinances, when identified by city clerk, who also testified to custody and publication, and to his certificate, was properly admitted in evidence.

**4. Municipal corporations ⟨key⟩109 — Statute concerning record of ordinances directory.**

Code 1907, § 1258, as amended by Acts 1915, p. 735, relating to recording of ordinances is directory.

**5. Criminal law ⟨key⟩429(1)—Validity of ordinance held sufficiently proven.**

Validity of prohibition ordinance, introduced in prosecution for violation thereof, held sufficiently proven, where witness testified that he was city clerk at time certificate of publication of such ordinance was made, and identified book of ordinances introduced in evidence containing such ordinance.

**6. Intoxicating liquors ⟨key⟩139 — Defendant guilty of violation of prohibition ordinance, if possessing whisky.**

Whether whisky was owned by defendant or not, if he had it in his possession, he was guilty of a violation of ordinance prohibiting offenses prohibited by state laws.

**7. Criminal law ⟨key⟩815(9)—Charges not predicated on evidence held properly refused.**

In prosecution for violation of prohibition ordinance, charges to acquit, if jury had rea-sonable doubt of defendant's ownership of whisky found in his possession, held properly refused, not being predicated on the evidence.

**8. Intoxicating liquors ⟨key⟩238(1)—Affirmative charge to defendant properly refused, where evidence in conflict.**

Where evidence was in conflict, in prosecution for violation of prohibition ordinance, affirmative charge to defendant was properly refused.

**9. Criminal law ⟨key⟩401—Competent to prove ownership of house by one who knew the fact.**

In prosecution for violation of prohibition ordinance, ownership of a house being collateral, it was competent to prove its ownership by one who knew the fact.

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Prosecution by the City of Demopolis against Tom Green for violation of a prohibition ordinance. From a judgment of conviction, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Green, 211 Ala. 616, 101 So. 531.

The ordinance under which the defendant was prosecuted is as follows:

"Be it ordained by the city council of the city of Demopolis, Alabama, as follows:

"Section 1. Any person, firm, or corporation or association committing an offense in the city of Demopolis or within the police jurisdiction thereof, which is declared to be a misdemeanor by any prohibition law or laws of the state of Alabama, shall, upon conviction, be fined not less than fifty dollars nor more than one hundred dollars, and may also be imprisoned or sentenced to hard labor for a period not exceeding six months, or both, at the discretion of the mayor.

"Sec. 2. All ordinances or part of ordinances in conflict with the provision of this ordinance be and the same are hereby repealed, and that all ordinances of the city of Demopolis heretofore passed and now in force, not inconsistent with the provisions of this ordinance, be and the same are hereby continued in effect, and that all undertakings and proceedings begun heretofore by or on behalf of the city of Demopolis be and the same are hereby preserved in all things, and shall be continued and prosecuted to conclusion.

"Approved this 7th day of December, 1922.

"Approved.          N. C. Floyd, Mayor.

"Attest: W. A. Smith, City Clerk.

"I, W. A. Smith, city clerk of the city of Demopolis, Alabama, do hereby certify that the immediately preceding ordinance was published in the Demopolis Times, a newspaper of general circulation published in the city of Demopolis on Thursday, December 14, 1922.

"W. A. Smith, City Clerk."

Witness W. A. Smith testified that he was city clerk of the city of Demopolis at the time the certificate was made, and identified the book of ordinances of 1908, introduced

in evidence, containing the foregoing ordinance at page 201 thereof.

These charges were refused to the defendant:

"(5) I charge you that, if you have a reasonable doubt as to whether the whisky was owned by Leon Green or the defendant, you must acquit the defendant."

"(6) If there is a reasonable doubt in your mind whether the defendant, or some one else owned and possessed the whisky, then I charge you the city of Demopolis has failed to prove to your mind the guilt of the defendant beyond all reasonable doubt."

"(7) I charge you that a probability of the defendant's innocence is a just foundation for a reasonable doubt of his guilt; and you should acquit the defendant."

Benj. F. Elmore and Wm. F. Herbert, both of Demopolis, and I. I. Canterbury, of Linden, for appellant.

Ordinances must be clear, certain, and duly promulgated. Kreulhaus v. Birmingham, 164 Ala. 623, 51 So. 297, 26 L. R. A. (N. S.) 492. Courts do not take judicial notice of municipal ordinances. Furham v. Huntsville, 54 Ala. 263; Bivins Case, 13 Ala. App. 641, 69 So. 224; Benjamin's Case, 16 Ala. App. 653, 81 So. 145. It does not appear that this ordinance was published by authority of the city of Demopolis. Code 1907, § 1259. Smith v. Eclectic, 18 Ala. App. 330, 92 So. 212. Charges 6 and 7 should have been given. Oldacre v. State, 16 Ala. App. 151, 75 So. 827.

L. R. Wilson, of Demopolis, for appellee.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] It is the law that municipal ordinances must be clear, certain, and duly promulgated. Kreulhaus v. City of Birmingham, 164 Ala. 623, 51 So. 297, 26 L. R. A. (N. S.) 492. The ordinance in the instant case meets that requirement, and the demurrer to the complaint filed by the city was properly overruled.

[3-5] The book of ordinances of the city of Demopolis, being identified by the city clerk, who also testified to the custody and publication, and also to his certificate, was properly admitted in evidence. Vol. 10 Mitch. Dig. p. 61 (3). The provisions of section 1258 of the Code of 1907, as amended by Acts 1915, p. 735, relating to the recording of ordinances, is directory. Smith v. Town of Eclectic, 18 Ala. App. 329, 92 So. 212. The validity of the ordinance was sufficiently proven.

[6, 7] Whether the whisky was owned by defendant or not, if he had it in his possession at the time complained of, he would be guilty. Moreover, charges 5 and 6 were not predicated on the evidence. For both of these reasons, charges 5, 6, and 7 were properly refused.

[8] The evidence was in conflict, and hence the affirmative charge was properly refused.

[9] The ownership of the house was collateral, and therefore it was competent to prove its ownership by one who knew the fact.

There is no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

Charges 5 and 6 requested in writing were not predicated upon a consideration of the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Davis v. State, 188 Ala. 59, 66 So. 67; Cobb v. State, 19 Ala. App. 345, 97 So. 779; Stewart v. State, 19 Ala. App. 389, 97 So. 684; Jones v. State, 209 Ala. 655, 96 So. 867; White v. State, 209 Ala. 546, 96 So. 709; Riley v. State, 209 Ala. 505, 96 So. 599.

The application is overruled.