(101 So. 468)

**STONER v. STATE.    (7 Div. 18.)**

(Court of Appeals of Alabama.  June 24, 1924. Rehearing Denied July 22, 1924.)

1. Intoxicating liquors ☞238(1)—Evidence of possessing still held sufficient for jury.

Evidence *held* sufficient to take to jury question of defendant's guilt vel non of possessing still to be used for manufacturing prohibited liquors.

2. **Intoxicating liquors ⚖137—That still not shown to have been on defendant's land not ground for excluding evidence.**

That on trial for possession of still there was no testimony showing that it was on defendant's land did not render it error to overrule motion to exclude the evidence.

3. **Intoxicating liquors ⚖137 — Regular employment and want of interest in still held not ground for acquittal.**

That defendant had been working regularly in sawmill and had no interest in still did not preclude conviction for possessing still, as he might nevertheless have had possession.

4. **Criminal law ⚖829(1)—Charge containing proposition already given in properly refused.**

Charge containing proposition given in charge requested by appellant *held* properly refused.

5. **Criminal law ⚖815(5)—Refused charge to acquit, if defendant had no interest in still, held not predicated on evidence.**

Charge that, though defendant was present at still with load of wood, "yet if you believe that he had no interest in the still, then you cannot convict" him, *held* properly refused as not predicated on evidence.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Howard Stoner was convicted of violating the prohibition law, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Stoner, 211 Ala. 613, 101 So. 469.

Charges A and B, refused to defendant, are as follows:

"A. I charge you that, if you believe from the testimony that the defendant had been working regularly at the sawmill and had no interest in the still, you should not convict him, even though you may believe that he was there and carried a load of wood.

"B. I charge you that, although you may believe from the evidence that the defendant was present at the still with a load of wood, yet if you believe that he had no interest in the still then you cannot convict the defendant."

Isbell & Scott, of Ft. Payne, for appellant.

The evidence was insufficient to support a conviction. Seigler v. State, 19 Ala. App. 135, 95 So. 563; Guin v. State, 19 Ala. App. 67, 94 So. 788; Clark v. State, 18 Ala. App. 217, 90 So. 16.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence was in conflict, and the affirmative charge was properly refused.

FOSTER, J. The appellant was convicted for possessing a still to be used for manufacturing prohibited liquors. The evidence for the state was directed to showing that the appellant and one Jess Stoner, who were jointly indicted, went to a still early in the morning, each having a load of wood in his arms, and that when they reached the still they threw down the wood, and Jess Stoner commenced to uncover a barrel of beer, and the appellant turned around about the still. There was evidence that there was a 10 or 12 gallon still containing beer, a furnace which had had fire under it and was still warm, a barrel of beer, an empty barrel, a keg, and some malt. There was no still cap found. When the officers who had been in hiding demanded that Jess and Howard Stoner raise their hands, both Jess and Howard Stoner ran away, and were not captured at that time.

The appellant's evidence tended to show that he was not there; that he had no control over the still, and no interest in it; that he was a man of good character, and witnesses to his good character testified that they had never heard of his making whisky. The still was about a mile and a half from the appellant's place of residence, and was not on his land or his father's land.

[1, 2] The presence of the appellant and another at a copper still containing 10 or 12 gallons of beer, a furnace which had had fire under it and was still warm, the bringing of wood to the still at a very early hour in the morning, throwing the wood down in front of the furnace, together with the other circumstances in evidence, and the circumstance of flight by the appellant as soon as he saw the officers, was sufficient evidence to submit to the jury the question of the guilt vel non of the appellant of possessing the still to be used for manufacturing prohibited liquors. The defendant moved to exclude the evidence, because there was no testimony tending to show that the still was on defendant's land. The defendant may have been in possession of the still, although it was not on his land. The court did not err in overruling the motion to exclude the evidence.

[3, 4] Charge A requested by the defendant was properly refused. The defendant may have been convicted, although he had been working regularly at a sawmill, and he may have been in possession of a still, although he may have had no property right or interest in it. Furthermore, the proposition of law contained in the charge was given in charge 2 requested by the defendant.

[5] Charge B refused to defendant was faulty, the clause "yet if you believe that he had no interest in the still, etc.," was not predicated upon the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.