**CITY OF ALBANY v. NIX. (8 Div. 311.)**

(Court of Appeals of Alabama. April 7, 1925. Rehearing Denied April 21, 1925. Re- versed on Mandate Nov. 3, 1925.)

1. **Municipal corporations** ☞110—**Publication of ordinance adopting code held not sufficient publication as to original enactments included therein.**

Code 1923, § 1999, requires the publication of all ordinances of a general or permanent nature, and publication of ordinance adopting city code, as required by section 1995, is not sufficient publication to give validity to original enactments included therein, though copied from general statutes.

2. **Municipal corporations** ☞105—**"Adopting code" imports intention to incorporate every provision into enacting clause of ordinance.**

Legislature's employment of such words as "adopting a code" in Code 1923, § 1995, imports intention to incorporate into enacting clause of adopting ordinance, as part of statute, every provision in entire work under consideration.

3. **Municipal corporations** ☞624—**Penalty fixed by ordinance, not exceeding statutory maximum, valid.**

Any penalty fixed by ordinance, not exceeding maximum authorized by Code 1923, § 1992, is valid.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Prosecution by the City of Albany against E. C. Nix, for violation of a city ordinance.

From a judgment for defendant, plaintiff appeals. Reversed and remanded on mandate.

Certiorari granted by Supreme Court in Ex parte City of Albany, 213 Ala. 371, 106 So. 200.

Ordinance 547 fixes a penalty of not less than $50 nor more than $100 for its violation.

G. O. Chenault, of Albany, for appellant.

It is not necessary that the entire Code, adopted by ordinance, be published; it is sufficient if the ordinance of adoption be published. Code 1923, § 1995.

S. A. Lynne, of Decatur, and Tennis Tidwell, of Albany, for appellee.

In the absence of proof of the publication of an ordinance, it is ineffective. Smith v. Eclectic, 18 Ala. App. 329, 92 So. 212. The ordinance provides a minimum penalty of $50, and is contrary to section 1992 of the Code of 1923. Turner v. Town of Lineville, 2 Ala. App. 454, 56 So. 603; 2 McQuillin, Mun. Corp. § 647; Landis v. Vineland, 54 N. J. Law, 75, 23 A. 357. A code of ordinances that never have been in force must be published. 19 R. C. L. 902; State v. Omaha, etc., Co., 113 Iowa, 30, 84 N. W. 983, 52 L. R. A. 315, 86 Am. St. Rep. 357; Texas Traction Co. v. Scoggins (Tex. Civ. App.) 175 S. W. 1128; Evers v. Matthews, 192 Ala. 181, 68 So. 182; Bales v. State, 63 Ala. 30.

SAMFORD, J. In the year 1924 the city of Albany, by ordinance regularly adopted and published as required by statute, provided for the adoption of a code of laws for the government of the city. This it had authority to do under the powers granted by the Legislature to municipalities. Code 1923, § 1995.

Included in the Code as adopted were sections 546 and 547, which were general and penal in their nature, had not been a part of the laws of the municipality prior to the adoption of the Code, and are the basis of this action. These sections received no publication other than such as may be included in the ordinance adopting the Code, which did not publish the Code in extenso. The penalty provided for a violation of the ordinances is a fine of not less than $50 or more than $100.

The contention of appellee is that the two sections above noted are void, in that (1) they had not been published as required by law; (2) that the penalty provided is at variance with section 1992 of the Code of 1923.

[1, 2] It is conceded that the ordinances in question are of a "general or permanent nature," requiring publication, and that they are not valid unless made so by being incorporated in the code adopted under authority of section 1995 of the Code of 1923, a publication of which did not set out the body of

laws included in the Code. In requiring ordinances of a general or permanent nature to be published, it was evidently the purpose of the Legislature to require that notice of their existence should be given before such ordinances affecting the property and liberty of the inhabitants of the municipality would become effective. McQuillin on M. O. § 155. It is conceded that the ordinance adopting the city code must be published as required by section 1999 of the Code of 1923. What then is included in such ordinance? In Johnson v. Harrison, 47 Minn, 575, 50 N. W. 923, 28 Am. St. Rep. 382, it is said, a code is "a system of law," "a systematic and complete body of law"; and in the well-considered case of C. of G. Ry. Co. v. State, 104 Ga. 831, 31 S. E. 531, 42 L. R. A. 518, it was said:

"When properly adopted by the lawmaking power of a state, it has the same effect as one general act of the Legislature containing all the provisions embraced in the volume that is thus adopted."

When, therefore, the legislating body employs such words as "adopting a code," the reasonable construction to be given is, an intention to incorporate into the enacting clause of the ordinance, as a part of the statute, every provision in the entire work which it has under consideration. 6 Am. & E. Enc. Law (2d Ed.) 173. If the Code is a part of the enacting clause of the statute adopting it, then under section 1999 of the Code it must be published in the manner provided by law before such ordinances as not theretofore published. will. become effective. Smith v. Town of Eclectic, 18 Ala. App. 329, 92 So. 212.

Section 1995 of the Code does not in any sense amend or modify the provisions of section 1999 of the Code requiring publication of ordinances. The two sections have and retain their separate fields of operation. The one permits the municipality to adopt by one ordinance a system of laws embracing many subjects, and the other requires its publication of the enactment before it shall become effective. There is no semblance of conflict between the two sections.

[3] Section 1992 of the Code of 1923 authorizes penalties to be fixed by ordinance, fixing a maximum; any penalty fixed by ordinance not exceeding such maximum is valid.

The rulings of the courts held the ordinances not to have been published as required by law, and we are of the opinion that this holding was without error, and therefore the judgment is affirmed.

Affirmed.

PER CURIAM. Reversed and remanded on authority of Ex parte City of Albany, 213 Ala. 371, 106 So. 200.