(122 So. 465)

### RICHIE v. STATE. (6 Div. 378.)

Court of Appeals of Alabama. March 19, 1929.

Rehearing Denied April 9, 1929.

Ernest B. Fite, of Hamilton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. Appellant was convicted of arson in the second degree, the indictment being framed under section 3290 of the Code 1923. The offense charged was alleged to have been committed prior to the amendment to said section adopted by the 1927 Legislature, and approved September 9, 1927. Acts 1927, p. 552.

The specific act complained of by the indictment was that this appellant willfully set fire to or burned an uninhabited dwelling house of Dave Bolin, in which there was at the time no human being, etc.

There was conflict in the evidence as to the guilt or innocence of the accused, and thus a jury question was presented.

The exceptions reserved to the court's rulings upon the admission of evidence are without merit. It is true that the value of the dwelling house was not an essential ingredient, but evidence of that fact was descriptive of the locus in quo, and for that reason was admissible, though not essential. Moreover, an unnecessary averment of value and proof thereof is surplusage, and should so be regarded upon a trial of this character. Henderson v. State, 105 Ala. 82, 16 So. 931.

The principal insistences of error are based upon the refusal of special written charges 9, 10, 11, 12, 13, and 14. The first five of these charges were not predicated upon the evidence, and were for that reason properly refused. Edwards v. State, 205 Ala. 160, 87 So. 179; 3 Shepards Ala. Citations, p. 205, 160–169.

Refused charge 14 is predicated upon the evidence, but we are of the opinion that the charge, as applied to the undisputed facts in this case, is abstract. The evidence tends to show conclusively, and this without dispute, that at the time of the alleged commission of the offense "there was no human being" in the house, and likewise that the dwelling house in question was vacant—that is to say, uninhabited—and had been for a period of time before it was burned. The fact, if it be a fact, that the appellant may have intended to move back to the house, and reside therein, at some future time, would not change the fact that it was uninhabited at the time complained of, and upon this question there was no conflict in the evidence. The following quoted evidence of the defendant is in line with other evidence on this question.

Clyde Richie, appellant, testified: "When my brother and I moved away, there was no ill feeling between us and Mr. Bolin that I know of. We hadn't had any row or any misunderstanding about the division of the crop; I paid him everything I had. I left there with nothing; just my house stuff that I carried there. I moved away from there with two bedsteads and bed springs and the bedclothes that went on them."

We find no reversible error; therefore the judgment of conviction, from which this appeal was taken, will stand affirmed.

Affirmed.