## WATKINS v. STATE. (8 Div. 680.)

(Court of Appeals of Alabama. June 30, 1919.
Rehearing Denied July 21, 1919.)

**1. Homicide ⬳338(1) — Harmless error — Leading question.**

Overruling an objection to a leading question in a manslaughter case is not reversible error, especially where objection was upon other grounds.

**2. Criminal law ⬳829(1)—Requests for instructions.**

Refusing requested instructions covered by the court's oral charge is not reversible error in a criminal case.

**3. Homicide ⬳300(2) — Self-defense — Requested instructions.**

Requested instructions in a homicide case upon the issue of self-defense *held* properly refused because involved.

**4. Homicide ⬳300(15) — Self-defense — Requested instructions.**

Requested instructions in a homicide case upon issue of self-defense *held* properly refused, because omitting all references to the doctrine of retreat and freedom from fault.

**5. Homicide ⬳300(11) — Self-defense — Requested instructions.**

In a homicide case, a requested instruction that accused did not deprive himself of right to self-defense by answering verbal insults with abusive language, etc., was properly refused, where there was no evidence showing that defendant pursued such a course.

**6. Criminal law ⬳789(18)—Reasonable doubt —Requested instruction.**

A requested instruction that proof of a single fact inconsistent with defendant's guilt is sufficient to raise a reasonable doubt *held* properly refused.

Appeal from Circuit Court, Lawrence County; O. Kyle, Judge.

Dan Watkins was convicted of manslaughter, and appeals. Affirmed.

The following charges were refused to the defendant:

(6) I charge you that if the defendant was without fault in bringing on the difficulty, and if at the time of the shooting there appeared, so apparently as to lead a reasonable man to the belief that it actually existed, and the defendant did entertain this belief honestly, a present impending and imperious necessity, in order to save his life, or in order to save himself from great bodily harm, to shoot the deceased, then he had a right to shoot the deceased, and the jury must acquit him on the ground of self-defense.

(8) The court charges the jury that if the defendant shot under a bona fide belief that his life was in danger, and had, under all the circumstances reasonable cause to believe that he was in imminent danger at the moment the shot was fired, then, the defendant cannot be convicted.

(14) The court charges you that if you are reasonably doubtful as to the proof in this case of any material allegation of the indictment you must acquit the defendant of murder in the first degree. The court wrote on said charge the words, "Refused, Kyle, Judge (Already given in legal effect)."

(17) I charge that a man does not deprive himself of self-defense by merely answering one verbal insult or abusive language with another, provided he does not fight willingly. Not being the author or originator of the difficulty, he may still protect his person from assault and injury by opposing force to force so far as may be necessary, taking care that he uses no more violence than is requisite to repel the attack upon him.

(18) I charge you that if, after looking at all of the evidence in this case, your minds are left in such state of doubt or uncertainty that you cannot say beyond a reasonable doubt whether defendant acted upon a well-founded and reasonable belief that it was necessary to shoot deceased to save himself from great bodily harm or death, or that he shot before such impending necessity arose, then this is such doubt as will entitle the defendant to an acquittal, and you should so find.

(27) I charge you that proof of a single fact, if you find such proof has been made, inconsistent with defendant's guilt, is sufficient to raise a reasonable doubt of the guilt.

Wert & Lynne, of Decatur, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted for murder in the first degree. He was tried and convicted of manslaughter in the first degree, and was duly sentenced to imprisonment in the penitentiary for a term of five years. From this judgment of conviction, he appeals.

[1] There was but one exception reserved to the ruling of the court on the evidence. This ruling was clearly without error, and the question was not objectionable on the grounds stated. The question as propounded may have been leading, but it has been often held that the trial court is authorized to permit a leading question. Moreover, this ground of objection was not made.

[2-5] The only remaining exceptions as shown by the record relate to the action of the court in refusing several written charges requested by defendant. Of these charges, the one numbered 6 was properly refused. It was covered by the oral charge of the court, and it is involved; and under the evidence the question as to whether the assault made by the deceased on the defendant was a murderous assault so as to relieve him of the duty to retreat was a question for the jury. Matthews v. State, 192 Ala. 1, 68 South. 334.

Refused charge 8 also omits any refer-

ence to the duty of retreat on the part of the defendant, and also the requirement that the defendant must have been free from fault in bringing on the difficulty. Its refusal was not error.

Refused charge 14 is confused and involved as a result of the use of the phrase "reasonably doubtful as to the proof in this case." Moreover, it was covered by given charge "B," and by the oral charge of the court.

Refused charge 17 was argumentative and clearly abstract, in that there was no evidence upon which it could be based, as there was no testimony which tended to show that the defendant merely answered one verbal insult with another; it was properly refused.

Charge 18 was properly refused. This charge omits any reference to the doctrine of retreat and freedom from fault. The propositions of law undertaken to be embodied in this charge were fully covered by given charges 21, 26, 28 and 33; also by the oral charge of the court.

[6] Refused charge 27 was bad, and was therefore properly refused. This charge has been condemned by the Supreme Court in Pippin v. State, 197 Ala. 613, 73 South. 340. See, also, Ex parte Davis et al., 184 Ala. 26, 63 South. 1010, and cases cited.

No other ruling of the court is brought in question, and, as no error appears in the record, the judgment of conviction in the circuit court is affirmed.

Affirmed.