**THOMAS v. STATE. (6 Div. 70.)\***

(Court of Appeals of Alabama. May 9, 1922. Rehearing Denied May 30, 1922.)

**1. Criminal law ⚖➡1124(4)—No review of ruling on motion for new trial, bill of exceptions not containing evidence.**

Under Acts 1915, p. 722, where the bill of exceptions to a ruling on a motion for new trial contained no statement as to the testimony offered in connection with the motion, this ruling cannot be considered.

**2. Robbery ⚖➡17(5)—Not necessary for indictment to contain prosecutor's Christian name.**

In a prosecution for robbery, it was not necessary for the indictment to contain the Christian name of the person alleged to have been robbed.

**3. Indictment and information ⚖➡21—Caption of indictment in statutory form held sufficient.**

Where the caption in an indictment for robbery was in the form prescribed by Code 1907, § 7161, form 96, it was sufficient.

**4. Criminal law ⚖➡789(18) — Request that single fact inconsistent with defendant's guilt raises reasonable doubt properly refused.**

A requested instruction that a single fact inconsistent with defendant's guilt is sufficient to raise a reasonable doubt was properly refused.

**5. Criminal law ⚖➡829(1)—No error to refuse request covered by instructions given.**

It is not error to refuse to give requests which are fairly and substantially covered by the instructions given.

**6. Criminal law ⚖➡795(4)—Requested instruction as to doubt of degree of offense held misleading.**

A requested instruction that, if the jury are uncertain as to which grade of the offense accused is guilty of, he should be given the benefit of the doubt, and found guilty of the lower grade, *held* involved, misleading, and confusing.

**7. Criminal law ⚖➡763, 764(18)—Requested instruction that uncorroborated testimony of only witness for state should be received with caution invades province of jury.**

A requested instruction that, if the conviction of the accused depends on the testimony of a single uncorroborated witness, that testimony should be considered with caution, *held* to invade the province of the jury.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Charlie Thomas, alias, etc., was convicted of robbery, and he appeals. Affirmed.

The following are the charges refused to the defendant in writing:

(8) "If there is one single fact proven to the satisfaction of the jury which is inconsistent with the guilt of the defendant, this is sufficient to raise a reasonable doubt, and the jury should acquit."

(14) "If the jury believe from the evidence beyond a reasonable doubt and to a moral certainty that the accused is guilty of one of the offenses included in the indictment, but are uncertain as to which grade or degree of the offense, the accused should be given the benefit of the doubt, and found guilty of the lower grade of the offense."

(22) "If the conviction of the defendant depends upon the testimony of a single witness, and such witness has been contradicted, I charge you to consider the evidence of such witness with caution in arriving at a verdict."

(23) "You are the full judges of the facts in this case, and I charge you that, if the conviction of the accused depends upon the testimony of a single witness, and such witness is not corroborated, or is not sufficiently corroborated, you should consider the same with caution."

R. L. Williams, of Birmingham, for appellant.

The court erred in refusing charge 14, requested by the defendant. 88 Mo. 349; 3 Atl. 195; 90 Ind. 12. Charge 22 should have been given. 92 Ala. 69, 9 South. 622; 114 Ala. 19, 21 South. 993; 166 Ala. 44, 52 South. 310; 86 Ala. 59, 5 South. 558; 10 Ala. App. 206, 65 South. 309; 1 Ala. App. 80,

---

55 South. 331. On these authorities, the other charges requested should have been given. The caption of the indictment includes showing when and where the court was held, who presided, the venire of grand jurors, etc., and this was not shown. 171 Ala. 56, 54 South. 535; 8 Ala. App. 26, 62 South. 446; 60 Ala. 93; 60 Ala. 73. Counsel discusses motion for new trial, but in view of the opinion it is not here set out.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The bill of exceptions does not show the motion for new trial or the evidence offered thereon. Acts 1915, p. 722; 16 Ala. App. 545, 79 South. 804; 204 Ala. 547, 86 South. 389. There is no merit in the motion in arrest of judgment. 8 Michie, Dig. 624; 14 Michie, Dig. 162. The court properly refused the charge requested by the defendant. Ante, p. 3, 82 South. 628.

MERRITT, J. The defendant was convicted under an indictment which charged robbery, and was sentenced to the penitentiary for a term of 10 years.

[1] The defendant made a motion for a new trial, but this motion appearing in the record proper, and not in the bill of exceptions, and there being no statement in the bill of exceptions as to what, if any, testimony was offered in connection with the motion for a new trial, cannot be considered. Acts 1915, p. 722; Crawley v. State, 16 Ala. App. 545, 79 South. 804; Stover v. State, 204 Ala. 311, 85 South. 393.

[2] By motion in arrest of judgment the appellant raised the proposition that the indictment did not contain the Christian name of the person alleged to have been robbed. This was not necessary. 8 Michie, Ala. Digest, p. 624, § 50; 14 Michie, Ala. Digest, p. 162, § 50.

[3] This motion also questioned the indictment, for that the caption is insufficient. The caption is in the form prescribed by section 7161 of the Code, and is sufficient. The only other propositions raised is as to the ruling of the trial court in refusing certain written charges requested by the appellant.

[4] Refused charge 8 was properly refused. Watkins v. State, ante, p. 3, 82 South. 628; Pippin v. State, 197 Ala. 613, 73 South. 340.

[5] Refused charge 11 was fairly and substantially covered by the court's oral charge, and written charges given at the request of the defendant. Moreover, it was only necessary for the state to satisfy the jury beyond a reasonable doubt of the guilt of the accused.

[6] Charge 14 was properly refused. It was involved, misleading, and confusing.

[7] Charges 22 and 23 invade the province of the jury, and they were properly refused.

The subject-matter included in refused charges 24, 39, and 40, is covered by the court's oral charge.

The general affirmative charge was properly refused, for the reason that there was a direct conflict in the testimony.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.