ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

(93 South. 521)

### Ex parte THOMAS. (6 Div. 709.)

(Supreme Court of Alabama. June 22, 1922.)

1. **Criminal law** ⟐⟐1066—**No review of ruling on motion for new trial to which no exception was taken.**

. Where no exception was shown to have been taken to a ruling on a motion for a new trial, this ruling will not be considered on appeal.

2. **Criminal law** ⟐⟐956(1), 1091(2)—**On motion for new trial for insufficiency of evidence, evidence need not be introduced, and bill of exceptions need not recite such fact.**

It is not necessary to introduce evidence in support of a motion for a new trial on the ground of insufficiency of the evidence, or that the bill of exceptions should recite that this was done, as the presumption is that the evidence introduced at the trial is in the breast of the court.

Certiorari to Court of Appeals.

Petition by Charlie Thomas for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Thomas v. State of Alabama, 93 South. 237. Writ denied.

R. L. Williams, of Birmingham, for appellant.

The Court of Appeals erred in holding as follows: "The defendant made a motion for a new trial, but the motion appearing in the record proper, and not in the bill of exceptions, and there being no statement in the bill of exceptions as to what, if any, testimony was offered in connection with the motion for a new trial cannot be considered. Acts 1915, p. 722." The act of 1915 does not require a statement in the bill of exceptions as to what testimony was offered in connection with the motion for a new trial, as held by the Court of Appeals.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Petition for writ of certiorari to the Court of Appeals in the case of Thomas v. State, 93 South. 237.

[1, 2] The motion for new trial was based upon the insistence that the verdict was contrary to the evidence, and that the proof was insufficient to support the verdict. As to this motion the bill of exceptions shows no exception to any ruling thereon, nor does it contain any reference thereto, and was properly not considered (Powell v. Folmar [Ala. Sup.] 78 South. 47);[1] but no necessity arose in this case for the introduction of evidence upon motion for new trial, or that the bill of exceptions (which recites it contains all the evidence in the case) should so recite that such was done; the presumption being that the evidence upon the trial is in the breast of the court. Nat Pyrites & Copper Co. v. Williams, 206 Ala. 4, 89 South. 291.

The writ will be denied.

Writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.