### MOORE v. STATE. (I Div. 510.)

(Court of Appeals of Alabama. Nov. 27, 1923.)

Criminal law &833—Court may explain given charges if it does not qualify or modify them.

After giving the charges requested by defendant, it was not error for the court to explain that the indictment charged assault with intent to murder and assault with a weapon, where such explanation did not qualify or modify the given charges.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

John Moore was convicted of assault with intent to murder, and appeals. Affirmed.

Charges B, C, and E, given for defendant, are as follows:

"(B) I charge you, gentlemen of the jury, that you cannot convict this defendant of assault with intent to murder, unless you are convinced beyond a reasonable doubt that he intended, unlawfully and maliciously, to kill James A. Pilkinton.

"(C) I charge you, gentlemen of the jury, that, unless you believe this defendant assaulted James A. Pilkinton with the intent to unlawfully and maliciously kill him, you cannot convict this defendant of assault with intent to murder.

"(E) The court charges you that you must be convinced beyond a reasonable doubt that there was an intention to murder, and, if you do not so believe it, you cannot convict the defendant of assault with intent to murder."

Pelham & Adams, of Chatom, for appellant.

The trial court has not authority to limit, restrict, or qualify a written charge given at the request of a party. Acts 1919, p. 815; Code 1907, § 5364; Eiland v. State, 52 Ala. 322; N. A. Ry. v. White, 14 Ala. App. 228, 69 South. 308; Parker v. Newman, 200 Ala. 103, 75 South. 479; M. L. & W. P. Co. v. Thombs, 204 Ala. 678, 87 South. 205; St. L. & S. F. v. Hall, 186 Ala. 353, 65 South. 33.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The statement made by the court did not in any way qualify, limit, or modify the written charges given for defendant, but merely explained the same, which was permissible. Lewis v. State, 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75; A. G. S. v. Moody, 92 Ala. 279, 9 South. 238.

SAMFORD, J. On the trial at the request of the defendant in writing the court gave charges B, C, and E. After reading these charges to the jury, the court said:

"Gentlemen, you will find certain of these written charges that say if certain facts appear you cannot convict the defendant of a certain specific offense. I have told you, or at least I intended to tell you, that this indictment charges assault with intent to murder, and also charges assault with a weapon. You may retire and write your verdict on the back of this indictment."

The foregoing does not in any manner qualify or modify given charges B, C, and E, and therefore does not run counter to the rule as stated in Eiland's Case, 52 Ala. 322. In Tenn., A. & G. Ry. Co. v. Rossell, 18 Ala. App. 17, 18, 88 South. 362, this court gave expression to its views on this subject, which we here adopt. T., A. & G. Ry. Co. v. Rossell, supra; St. L. & S. F. R. R. Co. v. Hall, 186 Ala. 353, 65 South. 33.

There is no error in the record. Let the judgment be affirmed.

Affirmed.