### DUKES v. STATE. (1 Div. 267.)

(Supreme Court of Alabama. Dec. 13, 1923.)

**1. Criminal law ⬅1124(1)—Motion for new trial held not reviewable, where not in bill of exceptions.**

Overruling of defendant's motion for a new trial cannot be reviewed, where neither the motion nor any reference thereto appears in the bill of exceptions.

**2. Witnesses ⬅286(2)—Redirect examination to clarify direct testimony within discretion of court.**

Permitting redirect examination on matters not in rebuttal, for the purpose of making more clear testimony given on direct examination, is largely within the discretion of the trial court and not error.

**3. Criminal law ⬅1120(1)—Rejection of evidence of statement by defendant, to which general objection was sustained, not error, where no later offer shown by record.**

Rejection of a written statement voluntarily made by defendant held not to constitute error, where a general objection to it was sustained, and the record does show it was subsequently offered.

**4. Witnesses ⬅240(2)—Permitting leading questions within discretion of court.**

Permitting the state to ask leading questions of its own witnesses is largely within the discretion of the trial court.

**5. Homicide ⬅173—Evidence of length and size of pistol used by defendant admissible.**

Where evidence is to the effect that defendant shot deceased with a derringer pistol, evidence of the length and size of a derringer pistol is admissible.

**6. Criminal law ⬅670—Exclusion of testimony relevancy of which not shown, not error.**

In a prosecution for murder, sustaining objection of the state to a question as to whether a witness and defendant were loading logs while working at a certain lumber camp *held* not error, in the absence of any showing of the relevancy of such testimony.

**7. Criminal law ⬅1170(2)—Exclusion of testimony subsequently admitted not error.**

The improper sustaining of objections to questions asked a witness *held* not error, where the witness was withdrawn, and, when subsequently offered, permitted to testify as to all matters previously excluded, and where defendant himself fully testified as to the matters previously excluded.

**8. Criminal law ⬅782(1)—Denial of instructions failing to predicate belief of jury on evidence not error.**

Denial of instructions which failed to predicate the belief of the jury on the evidence in the case is not error.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Monroe Dukes was convicted of murder in the first degree, and appeals. Affirmed.

Chas. W. Tompkins, of Mobile, for appellant.

It was error to admit evidence on redirect examination, not in rebuttal. Jones on Evi. 1117. Leading questions should not be permitted. Jones on Evi. 1031. Evidence as to the length of the pistol used was incompetent. Jones v. State, 17 Ala. App. 394, 85 South. 830; Malone v. State, 16 Ala. App. 185, 76 South. 469; Powell v. State, 5 Ala. App. 75, 59 South. 530. Evidence relating to defendant's mental condition should have been admitted. Winford v. State, 16 Ala. App. 143, 75 South. 819.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Sp. Asst. Atty. Gen., for the State.

It was proper to admit evidence of a witness on redirect examination clarifying his testimony. Denson v. Acker, 201 Ala. 300, 78 South. 76; Crenshaw v. State, 205 Ala. 256, 87 South. 328. Testimony as to the mental condition of defendant, by a witness not shown to be qualified, was properly refused. Green v. State, 168 Ala. 90, 53 South. 286; Langston v. State, 16 Ala. App. 123, 75 South. 715; Odom v. State, 174 Ala. 4, 56 South. 913; Jones v. State, 181 Ala. 63, 61 South. 434.

GARDNER, J. Appellant was convicted of murder in the first degree, with the infliction of the death penalty.

[1] The first question presented, relates to the action of the court in overruling the motion for a new trial. Neither the motion nor any reference thereto appears in the bill

of exceptions; and under the uniform rulings of this court the appellant is deprived of the right to have the same here reviewed. Stover v. State, 204 Ala. 311, 85 South. 393; Ex parte Thomas, 207 Ala. 662, 93 South. 521; Akin v. Chancy Bros., 207 Ala. 523, 93 South. 408.

[2] The defendant was charged with the killing of one Daisy Spencer by shooting her with a pistol, and one John Hill, an eyewitness, testified as a witness for the state to the effect that defendant shot the deceased with a derringer pistol. The witness also was cross-examined by the defendant, and, at the close of the cross-examination, the state was permitted on redirect examination to question the witness as to whether or not he was looking at the deceased when she was shot, and how the defendant was holding the pistol when he saw the defendant. The objection to this testimony was based upon the ground it was not in rebuttal. The testimony was elicited for the evident purpose of making more clear some of the testimony of the witness on direct examination, and the further examination of this witness in this manner was a matter resting largely in the discretion of the court, and in this there was no error.

This same witness, in his further examination, in using the expression "he just had it in his hand," clearly made reference to the defendant as appears from his previous testimony, and the question presented by the fourth assignment of error needs no further discussion.

[3] There was evidence that the defendant made a voluntary statement, which was reduced to writing. The general objection on the part of the defendant to the introduction of this statement was sustained, and we do not find where it was subsequently offered as evidence. It does not appear in the bill of exceptions, and nothing is presented in the fifth assignment of error calling for further consideration.

[4] In the sixth assignment of error the appellant complains that the court permitted the state to ask of one of its witnesses a leading question. This was a matter resting largely in the discretion of the trial court (Denson v. Acker, 201 Ala. 300, 78 South. 76), and no abuse of this discretion is here shown.

[5] The evidence for the state was to the effect that the defendant shot the deceased with a derringer pistol. The length and size of a derringer pistol was therefore proper evidence; and the evidence in that respect was properly admitted.

[6] The eighth assignment of error relates to the ruling of the court in sustaining objection of the state to the question asked one Stallworth, witness for the defendant, as to whether or not he and defendant were loading logs while working at a certain camp in Monroe county. The relevancy of this evidence was not made to appear, and the court committed no error in sustaining this objection. It further appears from the question asked this witness that numerous objections were interposed by the state to testimony which related to an occasion when the defendant was struck upon the head, and from the wound which defendant insisted he had received such injuries as to affect his mind; the plea of not guilty by reason of insanity having been interposed. Many of the questions asked this witness were objectionable as calling for mere opinion of the witness, who was not shown to be an expert, and other questions which were irrelevant.

[7] If it be conceded, however, that some of these questions were proper and objections thereto should not have been sustained, yet it appears that defendant was permitted to withdraw this witness for a time and subsequently offered him again as a witness in his behalf; the witness then testifying to all the facts and details sought to be elicited, and to which no objection was interposed. It cannot be said, therefore, that defendant has suffered any injury on account of such ruling of the court. The defendant testified in his own behalf, and we are of the opinion that the evidence to which objection by the state was sustained was fully brought out in the subsequent examination of the defendant, and the ruling, if erroneous, was clearly without error.

Charge 2, refused to the defendant, was the affirmative charge, and calls for no discussion.

[8] Charges 1, 3, and 4, if not otherwise faulty, were subject to be condemned under the decisions of this court for failing to predicate the belief of the jury upon the evidence in the case. Edwards v. State, 205 Ala. 160, 87 South. 179; Jones v. State, 209 Ala. 655, 96 South. 867.

We have considered all the questions presented by counsel for appellant, but, mindful of our duty in cases of this character, we have examined the record for all matters presented thereby, and find nothing therein calling for a reversal of the cause.

It results that the judgment of conviction will be here affirmed.

Affirmed.

All the Justices concur.