(106 So. 223)

## LANDERS v. MOORE et al. (4 Div. 8.)

(Court of Appeals of Alabama. May 12, 1925. Rehearing Denied June 9, 1925.)

1. Attachment ⬿164—Sheriff levying on machinery affixed to real estate must assume dominion and control of it by some notorious acts.

Under Code 1923, § 6188, requiring sheriff to indorse, on writ, levy or service of attachment on personal property, and if practicable take property into his possession, unless replevied, if the property is of machinery affixed to real estate, or of such character that it is not practicable for sheriff to assume manual possession, he must assume dominion and control of it by some notorious acts.

2. Attachment ⬿328—Sheriff's return prima facie evidence of facts recited as to strangers and conclusive as to parties and their privies.

Sheriff's return on writ of service of attachment as to strangers to the process is prima facie evidence of facts stated in the return, and, as between the parties to the process and their privies, is conclusive and may not be impeached by parol testimony.

3. Execution ⬿194(3)—Levy return, judgment, and award of venditioni exponas held presumptive evidence that levy was not abandoned.

Levy of attachment, as evidenced by sheriff's return, followed by judgment condemning the property for sale, and award of venditioni exponas, is presumptive evidence that the levy was not abandoned, and this presumption is sufficient to create, in the face of parol testimony to the contrary, a conflict in the evidence.

4. Attachment ⬿328—Purchaser from defendant with notice of levy is "privy" as to whom sheriff's return is conclusive.

One purchasing property from defendant in attachment subsequent to the levy and with notice thereof is a privy of the defendant, against whom the sheriff's return is conclusive evidence of seizure under the writ. (Citing Words and Phrases, Privy.)

Appeal from Circuit Court, Crenshaw County; Arthur E. Gamble, Judge.

Claim suit between E. H. Moore and another, plaintiffs in execution, and J. C. Landers, claimant. From a judgment granting plaintiffs' motion for a new trial, claimant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Landers, 214 Ala. 20, 106 So. 225.

Rushton, Crenshaw & Rushton, of Montgomery, and W. H. Stoddard, of Luverne, for appellant.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There was no valid attachment. 6 C. J. 221, 223–225, 320; Abrams v. Johnson, 65 Ala. 465; Inman, Smith & Co. v. Schloss, 122 Ala. 461, 25 So. 739; Sells v. Price, 3 Ala. App. 534, 57 So. 265; Hamilton v. Maxwell, 119 Ala. 23, 24 So. 769. But, if there had been a valid attachment, it was abandoned. 6 C. J. 310–312, 320; 2 R. C. L. 867; 17 R. C. L. 234; Abrams v. Johnson, supra; Inman, Smith & Co. v. Schloss, supra. The mere relinquishment of the custody and control of the property, or its remission to the use and control of the debtor, is sufficient to release the lien. Littleton v. Wyman, 69 Iowa, 248, 28 N. W. 582; Keith v. Ramage, 66 Mont. 578, 214 P. 326; Carrington v. Smith, 8 Pick. (Mass.) 419; Boynton v. Warren, 99 Mass. 172.

Frank B. Bricken, of Luverne, and Powell & Hamilton, of Greenville, for appellees.

Between parties to the process, or their privies, the return of the sheriff is conclusive. It cannot be contradicted by parol. Clarke v. Gary, 11 Ala. 102; King v. Bucks, 11 Ala. 219; Governor v. Bancroft, 16 Ala. 612; Hensley v. Rose, 76 Ala. 375; 2 R. C. L. 845; 17 R. C. L. 229. The lien attaches at the time of levy, and continues until final judgment. It is superior to assignments made by defendant after levy. Grigg v. Banks, 59 Ala. 316; Bamberger v. Voorhees, 99 Ala. 296, 13 So. 305; Sloan v. Hudson, 119 Ala. 30, 24 So. 458; Scarborough v. Malone, 67 Ala. 573. The lien is not impaired by suing out execution on judgment after it is rendered. Berney National Bank v. Pinckard, 87 Ala. 583, 6 So. 364; Reynolds v. Williams, 152 Ala. 493, 44 So. 406. Execution of the claim bond by claimant estops him from denying that levy was made. Sloan v. Hudson, 119 Ala. 31, 24 So. 458.

BRICKEN, P. J. This is a trial of the right of property between the plaintiff in attachment and a third person who purchased the property from the defendant in attachment pending the attachment suit. After a trial before the court, without the intervention of jury, resulting in a judgment for the claimant, on motion of the plaintiff that judgment was set aside and a new trial awarded. This appeal is by the claimant from the order of the court granting the new trial.

The property in controversy is "one sawmill, one boiler, one steam engine, one edger and one trimmer," the constituents of a complete sawmill, which at the time of the levy of the attachment, if in fact there was a levy, was in the possession of the defendant, set up and equipped for operation on the land of the plaintiff.

On the trial the plaintiff introduced in evidence the record of the attachment suit, going to show that the writ of attachment was levied on the property in controversy by the sheriff of Crenshaw county, on April 21, 1923; that written notice of the levy, issued as of the date of the levy, was served on the defendant on the 15th day of October, 1923; and on November 15, 1923, the court rendered judgment for the plaintiff and against the defendant, in the attachment suit, condemning the property for sale for the satisfaction of the judgment, and awarded venditioni exponas for its enforcement. The writ of venditioni exponas awarded was issued by the clerk of the court on the 11th day of December, 1923, and the sheriff advertised the property for sale thereunder, and at this juncture the claimant interposed a claim under the statute.

The claimant offered evidence tending to show that the sheriff did not take possession of the property, but allowed it to remain in the possession of the defendant Piper after the alleged levy; and about May 1, 1923, Piper removed the property from Moore's land to the land of John Mothershed, 2 or 2½ miles distant from its former location, where he set the mill down and continued to operate it until November 3, 1923, when the claimant purchased it, with other property, from Piper, for a consideration of $2,000, and at the time claimant had no notice of the levy of the attachment on the property in controversy.

In rebuttal of the claimant's testimony, the plaintiff offered evidence tending to show that the deputy sheriff went upon the premises where the sawmill was located, found two or three negro mill hands, from whom he ascertained that Piper was away on that date and that one Addison was the foreman; said Addison not being present. While at the mill, the deputy walked through the mill, listed the property, indorsing the list on the attachment writ. The deputy then went to Addison's home, found him absent, but left word for him to come to his office, and Mr. Sykes, the deputy, testified:

"I told Mr. Addison about taking charge of the property. When he came to town we met, and I told him to look after it until the mill was sold. He told me he would do that; that is what I am down here for now."

Addison continued to work for Piper until the mill was moved to Mothershed's place. There was also evidence tending to show that the claimant had notice of the levy of the attachment, or what is the equivalent of notice, knowledge of facts sufficient to put him on inquiry.

[1-3] In levying an attachment on personal property, the statute makes it the duty of the sheriff to "indorse such levy or service thereon and, if practicable take the property into his possession, unless replevied." Code 1923, § 6188; Abrams v. Johnson, 65 Ala. 465. If the property is machinery and affixed to real estate or is of such character that it is not "practicable" for the sheriff to assume manual possession of it, it is nec-

essary for him to assume dominion and control of it by some notorious acts. 17 R. C. L. 191, § 88. His return indorsed on the writ, as to strangers to the process, is prima facie evidence of the facts stated in the return, and as between the parties to the process and their privies it is conclusive, and may not be impeached by parol testimony. Governor v. Bancroft et al., 16 Ala. 612; Chadbourne v. Sumner, 16 N. H. 129, 41 Am. Dec. 720; 2 R. C. L. 845, § 57. The levy of the attachment, as evidenced by the sheriff's return, followed by the judgment of the court in the attachment proceeding, condemning the property for sale, and the award of venditioni exponas, is presumptive evidence that the levy was not abandoned, and this presumption is sufficient to create, in the evidence, a conflict, in the face of parol testimony to the contrary. Roman's Trustee v. Lentz, 177 Ala. 64, 58 So. 438; Howard v. State, 15 Ala. App. 411, 73 So. 559.

[4] A purchase of the property from the defendant subsequent to the levy, with notice, would constitute such purchaser a privy of the defendant, within the meaning of the rule that the sheriff's return is conclusive evidence of the seizure of the property by the sheriff under the writ. State ex rel. v. City of St. Louis, 145 Mo. 551, 46 S. W. 981, 42 L. R. A. 113; Henry v. Woods, 77 Mo. 277; Seymore v. Wallace, 121 Mich. 402, 80 N. W. 242; McDonald v. Gregory, 41 Iowa, 513; Newman v. Home Ins. Co., 20 Minn. 422 (Gil. 378); Orthwine v. Thomas, 127 Ill. 554, 21 N. E. 430, 4 L. R. A. 434, 11 Am. St. Rep. 159; 6 Words and Phrases, p. 5608.

An application of these rules of law to the case as presented by this record demonstrates that the order appealed from was not erroneous, and the order is affirmed.

Affirmed.