## GAITHER v. STATE.    (5 Div. 567.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Nov. 3, 1925.)

1. **Intoxicating liquors ☞238(1) — General charge properly refused.**

In prosecution for violation of the Prohibition Law, where there was evidence that defendant had in his possession a 10-gallon keg containing whisky, general charge was properly refused.

2. **Criminal law ☞364(4)—Facts transpiring during flight of defendant held part of res gestæ.**

Evidence of officers' meeting defendant on highway, latter's flight, his throwing keg from car, pursuit by officers, their instructions to third persons to get the keg, and defendant's subsequent arrest, held admissible as parts of res gestæ and chain of circumstances connecting defendant with possession of whisky.

3. **Criminal law ☞1169(1) — Technical error held not prejudicial.**

Technical error in admission of evidence of facts in connection with defendant's flight and officers' pursuit, and of point where his automobile was passed on the highway, held not prejudicial, nor to affect defendant's substantial rights.

4. **Witnesses ☞393(2)—Transcript of former trial properly excluded.**

In prosecution for violation of the Prohibition Law, transcript in another case offered to impeach witnesses held properly excluded, when offered as a whole without pointing out contradictory statements.

5. **Witnesses ☞393(2)—Testimony on former trial contradicting witness may be introduced, but not entire transcript of all proceedings.**

If a witness has made contradictory statements on another trial and proper predicate is laid, testimony on former trial tending to contradict him may be introduced, but not entire transcript of all proceedings in previous trial.

6. **Criminal law ☞723(1)—Remark of solicitor held not to justify reversal.**

In prosecution for violation of the Prohibition Law, remark of solicitor in address to jury that "they" would sell their country and Constitution to make a dollar, while extravagant, held not such as to justify reversal.

7. **Criminal law ☞111—Charge on venue held proper.**

In prosecution for violation of the Prohibition law, court properly charged, under Code 1923, § 4895, that crime committed within one-quarter of a mile of the county line, was properly triable in the county though actually in another county.

8. **Criminal law ☞834(5)—Explanation added to requested charge not erroneous.**

After giving defendant's request that before jury could convict him the proof should be inconsistent with every other reasonable hypothesis except guilt, it was not error to add that this was another form of stating what a reasonable doubt was.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Criminal law** ⬤⟳834(5)—**Trial judge must make explanations which will prevent confusion.**

It is trial judge's duty to make such explanations as prevent the average juror from becoming confused in many and various definitions of reasonable doubt.

**10. Criminal law** ⬤⟳829(1)—**Refusal of charge embraced in given charge not erroneous.**

It was not error to refuse charge, which was embraced in given charge.

**11. Criminal law** ⬤⟳798(1)—**Refusal of charge that every juror was entitled to his own conception of reasonable doubt not error.**

There was no error in refusing charge that each juror was entitled to his own conception of what a reasonable doubt was.

**12. Criminal law** ⬤⟳815(1)—**Refusal of charge ignoring evidence not erroneous.**

There was no error in refusal of charge which ignored a consideration of the evidence.

**13. Criminal law** ⬤⟳815(9)—**Refusal of charge not predicating reasonable doubt on evidence not erroneous.**

Charge that if, after consideration of evidence, any juror had reasonable doubt of guilt jury could not convict was properly refused, as not predicating reasonable doubt on evidence.

**14. Criminal law** ⬤⟳785(16) — **Refusal of charge as to jury's right to disregard testimony not erroneous.**

There was no error in refusal of charge that, if jury believed from evidence that any witness had sworn falsely to material fact, then they were authorized to disregard altogether his testimony if they saw fit; such charge not requiring testimony to be willfully false.

**15. Criminal law** ⬤⟳789(18)—**Charge to acquit if any fact was inconsistent with guilt properly refused.**

There was no error in refusal of charge that if there was one single fact inconsistent with defendant's guilt then jury must find him not guilty.

**16. Criminal law** ⬤⟳789(12) — **Refusal of charge as to required degree of proof not erroneous.**

There was no error in refusing charge that before jury could convict proof should be inconsistent with every other reasonable hypothesis except guilt, and jury should be so convinced from evidence that each of them would be willing to act thereon in matters of highest concern and importance to their own interest.

Appeal from Circuit Court, Macon County; S. L. Brewer, Judge.

Clarence Gaither was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Gaither, 214 Ala. 61, 106 So. 350.

These charges were refused to defendant:

"(4) I charge you, gentlemen of the jury, that you are each entitled to your own conception of what a reasonable doubt is."

"(6) The court charges the jury that before you can convict the defendant the evidence must be so strong that it convinces each juror of the defendant's guilt beyond all reasonable doubt; and if, after a consideration of all of the evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find the defendant guilty."

"(8) The court charges the jury that if it believes from all the evidence that any witness has sworn falsely to any material fact, then the jury is authorized to disregard altogether his testimony if it sees fit."

"(10) The court charges the jury that if there is one single fact that is inconsistent with the defendant's guilt then you must find the defendant not guilty.

"(11) Before you can convict the defendant, gentlemen of the jury, the proof should be inconsistent with every other reasonable hypothesis except the guilt of the defendant, and the jury should be so convinced from the evidence that each of them would be willing to act on such evidence in matters of highest concern and importance to their own interest or they cannot find the defendant guilty."

Joe Brown Duke, of Opelika, for appellant.

The remarks made by the solicitor in argument to the jury were improper and should have been excluded. Anderson v. State, 209 Ala. 36, 95 So. 171. It was improper for the court to comment, as it did, upon a charge given for defendant. Code 1923, § 9508. Charge 4 is correct, and should have been given. Bell v. State, 89 Miss. 810, 42 So. 542, 11 Ann. Cas. 431, 119 Am. St. Rep. 722; Mitchell v. State, 129 Ala. 23, 30 So. 348; Doty v. State, 9 Ala. App. 21, 64 So. 170. Likewise charge 9. Doty v. State, supra. Also charge 10. Thomas v. State, 18 Ala. App. 540, 93 So. 237. And charge 11. Doty v. State, supra.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The transcript of evidence taken on a former trial was properly excluded. Delaney v. State, 204 Ala. 685, 87 So. 183. The remarks of the solicitor were a mere observation, and were not objectionable. Bridgeforth v. State, 16 Ala. App. 584, 80 So. 158. The court has the right to explain a given charge. Moore v. State, 19 Ala. App. 471, 98 So. 136. There was no error in refusal of charges requested by defendant: (4) Jones v. State, 213 Ala. 390, 104 So. 773. (6) Stevenson v. State, 18 Ala. App. 174, 90 So. 140; Jones v. State, supra. (8) Barnett v. State, 16 Ala. App. 539, 79 So. 675. (9) Jones v. State, supra. (10) Edwards v. State, 205 Ala. 160, 87 So. 179. (11) Parris v. State, 18 Ala. App. 240, 90 So. 808.

SAMFORD, J. It is first insisted in brief that the circuit court has no jurisdiction be-

cause of a failure to file with the circuit court a transcript of the trial and conviction in the county court in which the prosecution originated. This defect has now been cured by a return to the writ of certiorari heretofore issued from this court.

[1] There was evidence from which the jury could infer that the defendant had in his possession a 10-gallon keg containing whisky, and therefore the general charge was properly refused.

[2] The whisky is alleged to have been in a Ford car in which defendant and another were riding. It was at night, and on the public road between Opelika and Notasulga. The car, when first seen, was coming towards Notasulga. Another car was ahead of the Ford car, and when it was stopped by the officers the Ford car stopped, turned, and fled in the direction of Opelika. At this point a pistol was fired, and after the Ford car had gone some little distance an object about the size of a 10-gallon keg was seen to have been thrown from the Ford to the side of the road. The officers pursued in another Ford, and as they passed the point where they had seen the object thrown from the fleeing Ford they saw a keg lying by the road. They did not then stop, but continued the pursuit until they met a car in which was Judge Laslie and Mr. Drakeford, whom the sheriff told of the keg and told them to get it. The officers then proceeded in pursuit until they had gotten about two miles from the starting point, and then they discovered where a Ford car, with Fisk nonskid tires on the rear wheels, had turned and again gone towards Notasulga. Having already ascertained that the fleeing Ford had tires of the same kind on its rear wheels, the officers returned to Notasulga, where they arrested defendant and his companion. It was shown by Laslie and Drakeford that the keg of whisky was found, and it was identified in such way as would authorize a finding by the jury as to its contents and identity.

[3] There were many objections to the testimony establishing the foregoing facts, some of which were highly technical. All of these facts and everything transpiring from the time the defendant's car first stopped and turned until it had turned again and the defendants had been arrested in Notasulga were parts of the res gestæ, and admissible as a part of a chain of circumstances tending to connect the defendant with the Ford car and the possession of the whisky. Whatever of technical error there may have been in the admission of this evidence was not such as to have prejudiced or affected the substantial rights of defendant so as to warrant a reversal of the case on that account. For instance, whether Drakeford passed the car in which defendant was riding at a point on the road 12 or 14 miles from the point of arrest was perhaps immaterial, but, being admitted, that fact could not possibly have affected the defendant's case one way or the other.

[4, 5] The defendant offered the entire transcript taken in a case between the state and one Ford car, First National Bank of Tallassee, claimant, and stated that this was offered for the purpose of impeaching the witnesses Plant and Thrasher, and that on the former investigation they testified differently as to certain material facts. What those facts were were not pointed out, nor was the offer of the testimony on the former trial limited to statements of the witnesses Plant and Thrasher claimed to be contradictory. If a witness makes a statement on the trial of the case, and has made a contradictory statement on another trial, and proper predicate laid, such testimony on the former trial as tends to contradict the witness may be introduced, but not the entire transcript of all the proceedings of the previous trial, and the court is under no duty to pick out the parts which are relevant and which are not. The entire transcript of the former trial was properly excluded. Patterson v. State, 191 Ala. 16, 67 So. 997, Ann. Cas. 1916C, 968.

[6] The remark of the solicitor in his address to the jury, "They would sell their country—they would sell the Constitution of the United States in order to make a dollar," while perhaps slightly extravagant and more appropriate in other addresses, was not such a remark as will justify a reversal. Bridgeforth v. State, 16 Ala. App. 584, 80 So. 158.

[7] The court properly charged the jury that the venue of crime committed within one-fourth of a mile of the county line, though actually in another county, was properly triable in Macon county. Code 1923, § 4895.

[8, 9] After giving to the jury at the request of the defendant this charge, "I charge you, gentlemen of the jury, that before you can convict the defendant the proof should be inconsistent with every other reasonable hypothesis except the guilt of defendant," the court, by way of explanation, added, "That is another form of stating what a reasonable doubt is." The statement of the judge is a correct statement of the law, and it is his duty to make such explanations as will prevent the average juror from becoming confused in the many and various definitions given for "a reasonable doubt." Moore v. State, 19 Ala. App. 471, 98 So. 136. Refused charges 1 and 2 were affirmative charges, and, as we have seen, were properly refused.

[10-12] Refused charge 3 is embraced in given charge 2. Besides, this charge is improper. Suttles v. State, 15 Ala. App. 582, 74 So. 400; Butler v. State, 16 Ala. App. 234, 77 So. 72. Refused charge 4 is condemned in Alonzo Jones v. State, 20 Ala. App. 660, 104 So. 771. Refused charge 5 ignores a consideration of the evidence. Moreover this charge is covered in given charge 5.

[13, 14] Refused charge 6 does not predicate a reasonable doubt upon the evidence in the case, as does the charge held to be good in Russell's Case, 201 Ala. 572, 78 So. 916; Diamond v. State, 15 Ala. App. 33, 72 So. 558. Refused charge 7 is covered by given charge 1. Charge 8 is bad in that it does not require the testimony to be willfully false. Barnett v. State, 16 Ala. App. 539, 79 So. 675. Charge 9 is condemned in Jones v. State (Ala. App.) 104 So. 771;[1] Ex parte State ex rel. Atty. Gen. (re Jones) 213 Ala. 390, 104 So. 773 [2].

[15, 16] Charge 10 was properly refused. Watkins v. State, 18 Ala. App. 3, 82 So. 628; Edwards v. State, 205 Ala. 160, 87 So. 179. Charge 11 is bad. Parris v. State, 18 Ala. App. 240, 90 So. 808.

The remainder of the refused charges are either abstract, were covered by the oral charge, or have been condemned.

We find no error in the record, and the judgment is affirmed.

Affirmed.

