(111 So. 898)

### LANDERS v. MOORE et al. (4 Div. 254.)

(Court of Appeals of Alabama. Feb. 1, 1927.

Rehearing Denied March 8, 1927.)

Rushton, Crenshaw & Rushton, of Montgomery, and W. H. Stoddard, of Luverne, for appellant.

Frank B. Bricken, of Luverne, and Powell & Hamilton, of Greenville, for appellees.

SAMFORD, J. This is the second appeal in this case. The facts on this appeal are substantially the same as on the former appeal. Both appellant and appellee insist that the facts differ, in that each side claims to have strengthened its cause by additional facts; but we find the facts to be substantially as set out in Landers v. Moore, 21 Ala. App. 12, 106 So. 223.

The foregoing being true, the law of this case is settled by the decision of this court in Landers v. Moore, supra, and of the Supreme Court in Ex parte Landers, 214 Ala. 20, 106 So. 225. For the above reason, we need not look for other authority or pursue the inquiry further.

With the law of the case declared as it was and considered by the judge trying the case, his conclusions from the evidence were against appellant's contention that there had been an abandonment of the levy. As to this, also, we are not left without a decision of the Supreme Court. The judgment of the trial court having been based upon substantially the same evidence, upon which a new trial was granted in the former appeal, and that judgment having been there upheld by this court and the Supreme Court, we cannot now disturb it.

The judgment is affirmed.

Affirmed.

(111 So. 647)

### TANNER v. STATE. (6 Div. 897.)

(Court of Appeals of Alabama. Jan. 18, 1927.

Rehearing Denied March 8, 1927.)

J. N. Powell, of Hartselle, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors.

The evidence made a case proper to be submitted to a jury. Robert Cleckler v. State, ante, p. 17, 112 So. 185.

No exception to the ruling on the defendant's motion for a new trial is shown by the bill of exceptions, and the same will not be considered. Ex parte Thomas, 207 Ala. 662, 93 So. 521.

The exceptions reserved on the taking of testimony have each been examined, and in none of the rulings complained of do we find error. Only the simplest of legal principles were involved, and we deem it unnecessary to discuss the rulings seriatim.

There is no error in the record, and the judgment is affirmed.

Affirmed.