(129 So. 795)

## HARRIS v. STATE.
### 8 Div. 142.

Court of Appeals of Alabama.
Aug. 19, 1930.

Almon & Almon, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

SAMFORD, J.

The defendant, who is over 16 and under 18 years of age, was convicted on a charge of grand larceny, in that he was charged with stealing an automobile. When the indictment was returned into the circuit court and it appearing that the defendant was under 18 years of age, the judge of said court, acting under authority of section 3539 of the Code of 1923, entered an order transferring the case to the juvenile court of the county, to be there dealt with according, to the provisions of law. Acting under authority of section 3537 of the Code of 1923, the juvenile court committed the defendant to the custody and home of Mr. and Mrs. Fielder, "subject to the further orders of the court." Where the commitment of a juvenile delinquent is made to a private person and not to a penal institution of the state, such commitment must be made subject to the further orders of the juvenile court, which retains full jurisdiction over the delinquent as is specifically provided in section 3537 as follows: "No commitment of any child to any institution or other custodial agency, other than State institutions or the State Child Welfare Department shall deprive the court of the jurisdiction or authority to change the form of commitment or to transfer the custody of the child to some other institution or agency." It would seem, however, that this jurisdiction is retained so that the juvenile court may continue to exercise its power for the proper discipline and welfare of the child, and is not authorized to retransfer the case to the circuit court for trial until after thorough investigation or trial of its disciplinary measures the juvenile court or judge thereof shall be convinced that the delinquent cannot be made to lead a correct life and cannot be properly disciplined under the provisions of the juvenile law. Code 1923, § 3540; Rep. Atty. Gen. 1922–24, p. 426. In this case it is made to appear by the plea of defendant, in addition to facts above stated:

"That on the 13th day of March 1929 the Honorable H. L. Stutts, Judge of the Juvenile Court, took jurisdiction of the defendant, and said offense, and stated the charge in the indictment to the defendant and asked him if he was guilty or not guilty and the defendant pleaded guilty and thereupon the said H. L. Stutts, investigated the same to determine what would be to the best interest of the boy, and determined to commit him and did commit him to the home of Mr. and Mrs. O. R. Fielder, there to remain as long as his conduct was good. That on March 14th 1929, the Honorable H. L. Stutts received a letter from the Honorable J. Fred Johnson, Jr., Judge of the Circuit Court, in words and figures as follows, to wit:

" 'March 14th 1929

" 'Hon. H. L. Stutts, Judge of Probate, Florence, Ala.

" 'My dear Judge: Some days ago I signed an order committing to the Juvenile Jurisdiction one, Virgil Harris, who had been indicted by the Grand Jury of this County. I signed this order upon information that Harris was a very young man and within the age limit to give jurisdiction to the Juvenile Court, and that it was his first offense and that the informer was not interested in further prosecuting the case against him.

" 'Since signing the order I have been informed that this young man is nearly eighteen years of age and fully matured and that it is not his first offense, and furthermore that the informer is not of the disposition to drop the charges against him. Had I been in possession of this information at the time I would not have signed an order committing him to the Juvenile Jurisdiction.

" 'In as much as he is between the age of sixteen and eighteen I understand that your Court has authority to recommit him to the Circuit Court for trial on the charges in the indictment, and if in consideration of the matter you decide to recommit him to this Court the case will be docketed for trial during the criminal Session of Court.

" 'Yours very truly,
" 'J. Fred Johnson, Jr.,
" 'Circuit Court Judge.

" 'JFJ:Jr:B'

"That in response to said letter, and not for anything the defendant did after he was committed to the Fielder home, the Honorable H. L. Stutts, Judge of the Juvenile Court transferred said cause together with the defendant back to the Circuit Court."

■■ Upon the facts stated in this plea, the juvenile court was without authority to retransfer this case to the circuit court for trial, and cannot transfer its responsibility unless and until it has discharged its duty under section 3540 of the Code of 1923. After the juvenile court has once assumed jurisdiction and made disposition of the delinquent within its authority as fixed by law, its future orders regarding such delinquent must be based upon facts and circumstances arising after commitment, and not then until a proper hearing has been had and order rendered and entered of record. Any other rule would result in uncertainty and chaos.

■ In construing the foregoing statutes, we have had in mind the great advance in the public policy of the state in dealing with youthful violators of the law looking to reformation rather than extreme punishment. These statutes must be so construed as to further the end aimed at by the Legislature. While the foregoing is the proper construction to be placed on the various statutes above referred to, if it should be made to appear on another trial that prior to a retransfer of the cause to the circuit court the juvenile court had made such investigation and formally entered an order or decree thereon, such judgment would be res adjudicata and conclusively binding. Pettus, Adm'r, v. McClannahan, 52 Ala. 55.

The following charge was requested by defendant and given by the court: "The burden of proof is upon the State to prove beyond all reasonable doubt that the defendant took the car and that he took it feloniously and if the State has failed to do that in this case you should find the defendant not guilty."

After the giving of this charge, the court said: "I make this statement Gentlemen, in connection with that charge, that felonious simply means that if he took the car he took it with the intent to convert it to his own use and to deprive the owner of that ownership or possession. That is what the word felonious means in contemplation of the law. To this charge of the court the defendant then and there in open court duly excepted."

■■ While it is proper for the court to explain to the jury the meaning of written given charges where such explanation does not qualify, limit, or modify them, Bailum v. State, 17 Ala. App. 679, 88 So. 200; Jenks v. State, 19 Ala. App. 90, 95 So. 266; Gaither v. State, 21 Ala. App. 165, 106 So. 348, such explanation must correctly state the law, and, when it does not, is error to a reversal.

■■ In the instant case the court charged the jury: "Felonious simply means that if he took the car, he took it with the intent to convert it to his own use and to deprive the owner of that ownership or possession. That is what the word felonious means in contemplation of the law." Felonious in contemplation of the law of larceny means something more than a taking with intent to convert. etc. There must also be an intent to steal, i. e. animus furandi, in a legal sense done with intent to commit a crime of the nature of a felony. A taking and conversion may or may not be a felonious taking according to the facts and inferences to be drawn therefrom by the jury. Johnson v. State, 73 Ala. 523; Rountree v. State, 58 Ala. 381; 2 Bouv. Law Dict. 1201. In a prosecution for *larceny* the intent with which the act of taking was done is always the controlling question. If the animus furandi is lacking, the taking may be a trespass, but never larceny.

There are some other questions presented, but as the cause is to be reversed for and on account of erroneous rulings of the court in conflict with the foregoing opinion, we do not pass upon them. If the cause is remanded to the juvenile court, they cannot, and, if tried again in the circuit court, they probably will not, arise again.

In line with the foregoing opinion, the court erred in striking defendant's plea to the jurisdiction. The circuit court had the power to transfer the cause to the juvenile court, and was thereby divested of all jurisdiction, and could not again assume jurisdiction until reinvested with it by an order of the juvenile court made in compliance with the statute. 15 Corpus Juris, 1150 (625).

The judgment is reversed, and the cause is remanded.

Reversed and remanded.