(132 So. 60)

## MORELAND et al. v. STATE.
### 3 Div. 671.

Court of Appeals of Alabama.
Jan. 13, 1931.

of his home in Chapman, Butler county, Ala., about 8 o'clock at night in April, 1930. As to this the facts are without dispute.

These two appellants were indicted, charged with murder in the first degree, in connection with the killing. It appears from the record that appellant Ella Belle Moreland was the wife of deceased, and that appellant J. C. Moreland was his nephew.

The trial resulted in the conviction of each of the appellants for murder in the second degree. The jury fixed the punishment of appellant J. C. Moreland at fifteen years' imprisonment in the penitentiary, and the other appellant Ella Belle Moreland's punishment was fixed at twenty years' imprisonment in the penitentiary. From the judgment of conviction, this joint appeal was taken.

The corpus delicti having been fully proven by the undisputed testimony, this rendered evidence of the voluntary confessions of the defendants admissible. The admissibility of the confessions was for the court to determine; the weight or probative force of evidence relative to the alleged confessions was for the jury. In this case we are of the opinion the court properly ruled that predicates laid were sufficient to authorize introduction of evidence as to confessions. The numerous exceptions reserved in this connection are without merit and cannot be sustained.

The state did not contend that either of these appellants actually fired the fatal shot that took the life of deceased, but insisted that both of them entered into a conspiracy with another, one Poole, not on trial, to do so. and offered evidence which tended to support this insistence.

The state insisted that the motive prompting the murder of deceased was in order to collect a life insurance policy upon deceased wherein appellant Ella Belle Moreland was the beneficiary, and that a portion of the insurance money was to go to said Poole to do the killing. The appellants strenuously denied having in any manner entered into such conspiracy. They also denied having made the several confessions to the arresting officers as testified to by the officers. These conflicts in the evidence presented jury questions; the court therefore properly. declined to give the affirmative charges requested by defendants.

The numerous exceptions reserved to the court's rulings upon the admission of evidence have each been examined and considered. We are of the opinion that no prejudicial error appears in any of these rulings. A minute discussion of the points of decision involved would serve no good purpose and will not be indulged.

Walters & Walters, of Greenville, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

Sam Moreland, the deceased named in the indictment, was assassinated in the back yard

162

Such of the refused charges as properly stated the law were fairly and substantially covered by the very fair and able oral charge of the court, and, where this is true, the court is under no duty to again give such charges.

The motion for a new trial, a portion of which sets up extraneous matters, is not presented for our consideration. It is contained in the record proper only, and no mention of the motion, or ruling of the court or exception, is incorporated in the bill of exceptions as the law requires and has been repeatedly held by the appellate courts of this state. Powell v. Folmar, 201 Ala. 271, 78 So. 47; Ex parte Thomas, 207 Ala. 662, 93 So. 521.

The record proper is regular and without error. Finding no reversible error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.