**NARADA SHIPPING LIMITED et al.,**
**Plaintiffs,**

v.

**NORTH ATLANTIC OIL LTD.,**
**Defendant.**

**Civ. A. No. 75–234–T.**

United States District Court,
S. D. Alabama, S. D.

June 24, 1975.

William W. Stoudenmire, Pillans Reams, Tappan, Wood, Roberts & Vollmer, Mobile, Ala., for plaintiffs.

Marion R. Vickers, Jr., Mobile Ala., for defendant.

ORDER

DANIEL HOLCOMBE THOMAS, District Judge.

This cause came on for hearing on June 6, 1975, on defendant North Atlantic Oil Ltd.'s motion to vacate a writ of maritime attachment.

On May 12, 1975, the plaintiffs in this action filed a complaint seeking damages against the defendant for breach of four time charter contracts and also requesting the issuance of a writ of maritime attachment pursuant to the provisions of Supplemental Rule B(1) of the Federal Rules of Civil Procedure. The subjects of the requested maritime attachment were several parcels of real property owned by the defendant and located within this district. On May 13, 1975, this Court issued to the Marshal for the Southern District of Alabama a Monition and Writ of Foreign Attachment concerning the real property specified in the plaintiffs' complaint. Prior to any action being taken by the Marshal to execute the writ, the defendant filed an answer on May 27, 1975, thereby making a general appearance in this action and submitting to the *in personam* jurisdiction of this Court.

The issue presently before this Court is whether or not the defendant's appearance occurred prior to the execution of the attachment and thereby making

any attachment under Supplemental Rule B(1) improper. *Cocotos S. S. of Panama S. A. v. Sociedad Maritima Victoria S. A. Panama,* 146 F.Supp. 540, 542 (S.D.N.Y.1956). In opposition to the motion to vacate the writ, the plaintiffs asserted in their brief that the attachment was executed prior to the defendant's appearance.

The contention that their appearance defeats the writ of maritime attachment is like-wise vitiated, for the attachment was fully executed upon its issuance to the Marshal's office and upon the knowledge, actual or constructive, that the defendant could not be found within the district. Such knowledge was evidenced by the affidavit attached to the complaint to be delivered to the Marshal's office with the writ of attachment. It therefore follows that the appearance made by the defendant was made *subsequent to* the full execution of the attachment, although the attachment may not have in fact been carried through to the point of posting the writ of attachment or notice thereof on some tree or stanchion of the defendant's property. (Plaintiffs' Brief)

■ The Court does not agree with the plaintiffs' conclusion. Alabama law, whether statutory or common, does not clearly specify what actions must be taken by the executing officer before an attachment on real property can be said to have been "executed". However, the Court is of the opinion that the officer must, at the least, have "assume[d] dominion and control of it by some notorious acts." *Landers v. Moore,* 21 Ala. App. 12, 13, 106 So. 223, 224 (1925). This conclusion is further supported by the provisions of Sections 531, 852 and 861 of Title 7 of the Code of Alabama.

■ Under the facts presently before the Court, no such actions by the Marshal had occurred prior to the defendant's general appearance on May 27, 1975. Accordingly, the Court is of the opinion that the attachment sought by the plaintiffs had not been executed prior to the defendant's general appearance and that the defendant's motion to vacate the writ of maritime attachment should therefore be granted. The Court further notes, without deciding the issue, that there is considerable doubt whether real property within the district is subject to successful attachment under Supplemental Rule B(1). 7A *Moore's Federal Practice,* ¶ B.04.

Therefore, it is ordered, adjudged and decreed that the defendant's motion to vacate the writ of maritime attachment is granted and that the Monition and Writ of Foreign Attachment issued in the present action by this Court on May 13, 1975, is hereby vacated.